## H. M. KNOWLES *vs.* SAMUEL D. VAN GORDER.

### October 26, 1876.

**New Trial—Misconduct of Counsel at Trial.**—An application to set aside a verdict and grant a new trial, upon the ground that the jury have been improperly and unfairly influenced by counsel, is largely addressed to the sound discretion of the trial court.

**Same—Objection by Court renders an Objection by Counsel for Defeated Party Unnecessary.**—An objection made by the court, of its own motion, to the improper conduct complained of, is sufficient to enable the opposite party to take advantage of such conduct.

Action on a promissory note by endorsee against maker. Defence, that the note was procured by fraud of one Mead, the payee, and was by him endorsed to plaintiff after maturity. At the trial in the district court for Winona county, before *Mitchell*, J., the defendant's counsel, in addressing the jury, commented at considerable length upon evidence which had been offered by him, but excluded by the court. To these comments the plaintiff's counsel made no objection, but the judge, of his own motion, checked them as improper. In the charge, the jury were instructed to disregard all evidence that had been offered, but excluded by the court. The verdict was for defendant, and plaintiff moved for a new trial, which was granted by the court, on the ground that the repeated offers by defendant of irrelevant testimony, and the references made to such testimony in the argument to the jury, and the inferences the jury were asked to draw from the fact that such evidence was excluded on plaintiff's objection, were, when taken together, calculated to have, and did have with the jury, an influence highly unfair and prejudicial to plaintiff. From the order granting such new trial the defendant appealed.

*Lloyd Barber*, for appellant.

*Thomas Wilson* and *W. H. Yale*, for respondent.

BERRY, J. An application to set aside a verdict and for a new trial, upon the ground that the jury have been improp-

erly and unfairly influenced by counsel, is largely addressed to the sound discretion of the trial court. That court has far greater advantages than an appellate court can possibly have for observing the character and effect of the influence complained of. In view of these considerations, and upon looking at the facts appearing in the case, and the grounds assigned by the court below for its action in the premises, we find no reason for doubting that the discretion appealed to in the present instance was properly exercised.

The fact that the improper conduct complained of was not objected to by plaintiff's counsel becomes unimportant, when it is considered that it was objected to by the court of its own motion. This answered every purpose of an objection taken by counsel and sustained by the court. If, after being admonished by the court, defendant's counsel persisted (as he in effect did) in the impropriety to which his attention was called, it was not necessary for plaintiff, in order to save his rights, to make a further objection.

Order affirmed.