## SLATER v. SLATER.

DIVORCE: ADULTERY AND CRUELTY: INSUFFICIENT EVIDENCE.

*Appeal from Cass Circuit Court.*

WEDNESDAY, DECEMBER 7, 1887.

ACTION for a divorce. Judgment for the defendant, and the plaintiff appeals.

*A. S. Churchill* and *Willard & Fletcher*, for appellant.

*L. L. DeLano*, for appellee.

SEEVERS, J.—The plaintiff and defendant were married in November, 1883. She was 26 or 27 years old and he was 53 or 54. They lived together until August, 1884, when the plaintiff left the defendant, and, in November following, this action was commenced. The grounds on which the relief is asked are adultery and inhuman treatment endangering the life of plaintiff. The evidence is exceedingly voluminous, there being about 200 printed pages which have been carefully read, together with the arguments of counsel. It is obvious it would require much space and time to set out this evidence and sufficiently comment thereon to make ourselves understood. We do not believe this is necessary or proper, for several reasons, one of which is that much of the evidence is unfit for publication. We may say generally, also, that much of the evidence is irreconcilable, nor can it be said that several of the witnesses were simply mistaken, but the conviction is forced upon us that more than one witness has sworn falsely. Take the transactions said to have occurred in the barn between the plaintiff and defendant as an example. One of them is testified to by the defendant and two other witnesses. Now these persons have sworn falsely or the plaintiff has, and yet the general reputation of neither is impeached. This is true as to the other trans-

action. It is claimed for the plaintiff that she has been corroborated by certain witnesses introduced by her. We must not be understood as intimating that these witnesses have sworn falsely, nor do we desire to be understood as saying that the plaintiff or defendant, or any other particular witness has so testified, but only that some one has.

It would not be any benefit to the profession or parties to set out the evidence and comment thereon. The only effect this would have would be to give greater publicity to this unfortunate controversy. Therefore, after careful consideration, we deem it best and sufficient to say that, in our opinion, the plaintiff has failed to establish by a preponderance of the evidence that she is entitled to a divorce. Therefore the judgment of the circuit court is                                                     AFFIRMED.