NELS JOHNSON *vs.* CHICAGO, BURLINGTON AND NORTHERN RAILROAD COMPANY.

December 13, 1887.

Trial—Improper Remarks of Counsel.—Decision of the trial court, that improper remarks of counsel in summing up did not prejudice, sustained.

Eminent Domain — Compensation — Increase of Fire Risk. — Where, from the evidence, it is apparent to the jury that maintaining and operating a railroad near buildings increases the risk, the jury may, though no witness has testified directly that it will, consider such risk, in estimating the damage to the land on which the buildings stand.

Same—Damages—Opinions of Witnesses.—The opinions or estimates of witnesses, as to the amount of damage done to the land not taken, by taking part for railroad purposes, are not conclusive on the jury.

Appeal by the defendant from an order of the district court for Winona county, *Start,* J., presiding, refusing a new trial, after a verdict assessing plaintiff's damages at $2,900.

*William Gale,* for appellant.

*Wilson & Bowers,* for respondent.

GILFILLAN, C. J.   This was a proceeding to ascertain the damages to respondent's lot and the buildings thereon, in the city of Winona, by taking a part of the street in front of and belonging to the lot to lay appellant's track along it.   The jury had a view of the premises. Evidence was given, on both sides, of the value of the lot and of the buildings.   Respondent offered evidence of the cost of the buildings, which was excluded.   His counsel, in arguing the case to the jury, referred to the description of the buildings, and their view of them, and proceeded: "I ask you to say whether they could be put there for $7,000."   The appellant's counsel excepted to this language, and it was repeated twice, each time being excepted to.   This is claimed to have been misconduct on the part of respondent's counsel, and was one of the grounds of a motion for new trial, and the refusal of the court below to grant a new trial by reason of it is assigned as error.

The respondent's counsel may have gone beyond the legitimate line of argument of the case in referring to a matter as to which evidence had been excluded. In charging the jury, the court instructed them very emphatically that the cost of the buildings was not in issue, and they were to disregard any statement made in regard to it, except as the cost was involved in the market value. We cannot say that the remarks of counsel prejudiced the appellant before the jury; and the court below, with much better opportunity than we have, has decided, in refusing the new trial, that they did not prejudice. The record would have to show a decided probability of prejudice to justify us in reversing that decision. The case, as presented, does not call on us to do so.

One instruction to the jury was: "The increased risk of fire, if any, to the buildings on the premises, is an element of damages for you to consider and determine, so far as it affects the value of the property with the railroad in front of it." It is not denied that in such cases increased risk of fire to buildings is a proper element of damages. The objection was that the testimony as to increased risk was that of one witness, engaged in insurance, who, on being asked if laying the track and the use of it in front of the premises would increase the risk of fire, answered, "I don't know that it would;" and that, therefore, there was no evidence of increase of risk; or, rather, that the evidence showed no increase of risk. But notwithstanding what the witness said, and that there was no other who testified on the point, the jury might find that there was increased risk. They saw the premises; the character and situation of the buildings where the track was laid within 15 feet of them; and the evidence informed them to what extent the track was to be used. Now, there are some things connected with the running of railroads that are matters of common knowledge and observation, and which everybody is supposed to know. Among these is that locomotives passing to and fro are liable to scatter sparks, and that such sparks, lighting on any combustible material, are apt to ignite it; and a jury have a right to apply this common knowledge in determining whether a witness who testifies that a railroad, laid and used within 15 feet of a building, does not affect its value, or one who testifies that it will diminish the

value, is most entitled to credit.    There was no error in the instruction.

The court also instructed the jury: "The opinions of witnesses that have been introduced, concerning the amount of the damage to this property, are not at all conclusive upon you in estimating the damage.    If on the evidence you believe that the damage is greater than any of the estimates put it, you may give a greater damage by your verdict."    The verdict was considerably less than some of the estimates of witnesses put it.    It is objected to the charge that it left the jury to fix the damages arbitrarily, as their passions or prejudices might incline them.    It, however, requires them to find the damage from the evidence.    That included, not merely the opinions of the witnesses as to the amount of damage, but the reasons, if any, which they gave for them; the testimony as to the character and situation of the property, its uses, and how such uses might be affected by the construction and operation of the railroad.    Where testimony as to values is mere opinion, the jury are not bound by the amounts stated by the witnesses.    The facts and reasons stated by a witness, as a basis for his estimate of value, may be such as to justify the conclusion that the estimate is too high or too low, and the jury surely could not be required to ignore such facts and reasons.    The authorities are practically uniform that a witness' estimates of value are not conclusive on the jury.    *Patterson* v. *Boston,* 20 Pick. 159; *Murdock* v. *Sumner,* 22 Pick. 156; *Head* v. *Hargrave,* 105 U. S. 45; *Anthony* v. *Stinson,* 4 Kan. 211; *Ward* v. *Lawrence,* 79 Ill. 295; *McReynolds* v. *Burlington, etc., Ry. Co.,* 106 Ill. 152.    Opinions of values are from necessity received as evidence, and the jury must consider them with the other evidence, (as they were fully instructed to do in this case.)    Where an article has a fixed market price, as is the case with grains, stocks, and many other articles, in the markets where such commodities are bought and sold, testimony as to such price is as to a fact, and not to an opinion, and is to be considered differently; so, also, is an expert's testimony as to a scientific fact. The charge was correct.

Order affirmed.