JENNIE OLSON, Administratrix, *vs.* HENRY J. GJERTSEN.

January 29, 1890.

Attorney and Client—Action for Services.—The materiality of certain evidence considered.

Same— Evidence — Opinion as to Value.—Opinion evidence, as to the value of the professional services of an attorney, is not, as a matter of law, conclusive on the jury.

New Trial—Remarks of Counsel—Discretion of Court.—The granting or refusing a new trial, on the ground of improper remarks by counsel to the jury, is a matter largely addressed to the discretion of the trial judge. As a general rule, such remarks are no ground for a new trial, if desisted from upon objection being made, or when the court interferes.

Action on a promissory note for $500, brought in the district court for Hennepin county. Counterclaim of $301.64 for profes-

sional services as an attorney-at-law, rendered by defendant to plaintiff's intestate, the payee of the note. Trial before *Hooker*, J., and verdict of $437.62 for plaintiff. Appeal by defendant from an order refusing a new trial.

*Gjertsen & Rand*, for appellant.

*Ueland, Shores & Holt*, for respondent.

MITCHELL, J. In an action upon a promissory note, executed by defendant to the plaintiff's intestate, the defendant interposed a counterclaim for professional services and disbursements as attorney, alleged to have been rendered and made for the deceased. The reply put in issue all of the counterclaim except $40, and also pleaded payment in full by the deceased in his lifetime. The evidence in support of the counterclaim consisted entirely of defendant's own testimony, who also introduced in evidence his books of account.

1. Part of the counterclaim was for services claimed to have been rendered for the deceased in certain business transactions between him and third parties, which the evidence tended to show were, in each case, for the benefit and accommodation of the latter rather than of the deceased. The plaintiff was permitted, against defendant's objection, to prove that he had charged and collected fees of these other parties for services rendered in the same transactions. Notwithstanding that defendant testified that what he charged Olson for did not include any of the services for which he had charged the other parties, yet we think it was competent, in connection with the evidence showing the nature and purpose of these transactions, to show that defendant had collected fees from the other parties, as bearing upon the question whether there was any understanding or implied agreement between defendant and Olson that the latter should pay for any part of defendant's services connected with the same transactions.

2. Quite a considerable part of the counterclaim was for services and disbursements in a replevin suit between Olson and one Carlson and others. The plaintiff, against defendant's objection, was permitted to introduce in evidence three executions for costs, issued in favor of Olson, and against the several defendants in that action, and which were all returned satisfied. If the proceeds of these executions

were received by defendant as Olson's attorney in the case, and retained by him, it can hardly admit of question but that he should be deemed to have applied them on his account, and should be charged with them as payments. The proceeds of one of the executions he admitted having received. The record contains no evidence that he received the proceeds of the other two; but, as neither the writs nor the returns thereon are contained in the case, we cannot assume that they did not show the fact, and hence we cannot presume that the court erred in receiving them in evidence.

3. The fifth, sixth, and seventh assignments of error seem to be all based upon the erroneous idea that the opinion evidence of the defendant as to the value of his services, because not directly contradicted by any other witness, was, as a matter of law, conclusive upon the jury. *Johnson* v. *Chicago, B. & N. R. Co.*, 37 Minn. 519, (35 N. W. Rep. 438;) *Stevens* v. *City of Minneapolis*, *supra*, p. 136.

4. Under the circumstances, we can see nothing improper in the court calling the attention of the jury to the fact (already well known to them) that Olson was dead, and his lips closed, and that the testimony was entitled to careful consideration.

5. The attorney for the plaintiff would seem to have been out of both his right and duty in saying to the jury, in the absence of all evidence to support the proposition, that he proposed to show, from the intrinsic character and appearance of the paper, that Olson's receipt to defendant for $260 was a forgery; but, as appears from the record, upon defendant's interposing an objection, he refrained from discussing the matter, and did not again allude to it. Neither does it appear that the attention of the court was called to the matter, or that it was asked to interfere. As a general rule, an improper remark by counsel is no ground for a new trial, if he desist upon objection being made, or when the court interferes. Moreover, the granting or refusing a new trial on any such ground is largely addressed to the sound discretion of the trial judge, who has much better opportunity than an appellate court to observe the character and effect of the influence complained of. *Knowles* v. *Van Gorder*, 23 Minn. 197.

Judgment affirmed.