Cohn and another, Appellants, *vs.* Plumer, Respondent.

*October 29 — November 13, 1894.*

*Contracts: Partial performance: Recovery* quantum meruit: *Oral contract intended to be reduced to writing.*

1. One who contracted to furnish all the granite required for a building, according to the plans and specifications, for a specified sum, cannot recover upon *quantum meruit* if he fails to perform such contract.

2. Where a complete contract was made orally, the fact that it was expected that a written contract would afterwards be signed, embodying the terms of the oral contract, does not prevent the oral contract from taking effect.

APPEAL from the Circuit Court for *Marathon* County. This was an action upon *quantum meruit* for the value of granite furnished by plaintiffs for the building of defendant's house. The defense was that the granite was furnished under an entire contract to furnish all the granite for the house, according to the plans and specifications, for

$10,000, and that the plaintiffs failed to furnish a large portion of the granite.

The evidence showed that early in 1888 the defendant had plans and specifications prepared by Architect Holbrook, of Milwaukee, for the building of a house at Wausau, and that the plaintiffs, being the owners of a granite quarry, proposed to furnish the granite for the building; that in March, 1889, the plaintiff *Cohn* and defendant went to Holbrook's office at Milwaukee, and negotiated as to the furnishing of the granite. The defendant's evidence tended to show that an oral agreement was made at this meeting whereby the plaintiffs were to furnish all the granite above the grade line of the house for $10,000, and below grade line for $4 per car. The plaintiffs' claim was that no complete contract was made at Milwaukee, but that there was an arrangement which was to be reduced to writing by the architect, and was to become the contract when signed by the parties, which was never done. The evidence shows that a written contract was afterwards prepared by the architect, which was sent to *Plumer*, but objected to by *Cohn*, and was never signed. Immediately after the Milwaukee interview the plaintiffs commenced furnishing the granite, and when they had furnished something over one half of the necessary stone they abandoned the contract, after having been paid $5,245.50.

The jury found the following special verdict: "(1) Did the parties in this action enter into an agreement whereby the plaintiffs, per plans and specifications, agreed to furnish the defendant the granite for his house for the sum of $10,000, above grade line, and $4 per car below grade line? *A.* Yes. (2) Did the plaintiffs perform such labor and furnish such materials under said contract? *A.* Yes. (3) What extras did the plaintiffs provide or furnish, not called for by said contract? *A.* Molding. (4) What was the reasonable value of such extras. *A.* $23.75. (5) Did

the defendant fulfill and perform said contract on his part? *A.* Yes. (6) Did the plaintiffs fail and neglect to perform said contract on their part? *A.* Yes. (7) What damages did defendant sustain by reason of the failure to perform said contract on their part? *A.* $448. (8) What has the defendant paid to the plaintiffs for such labor and materials? *A.* (By the court) $5,245.50. (9) What was the work and material done and furnished by the plaintiffs reasonably worth? *A.* $5,811.35."

After verdict, and before judgment, the defendant remitted all damages under his counterclaim, as found by the jury in answer to the seventh question. Upon this verdict, judgment was entered for the plaintiffs for $23.75 damages and costs, and plaintiffs appeal.

For the appellants there was a brief signed by *Brown & Pradt,* and oral argument by *Neal Brown.* They contended, *inter alia,* that the evidence shows that the parties came from the Milwaukee interview, each with a different understanding of the terms agreed upon, and that they did agree that the contract should be reduced to writing and executed. To make a contract, both parties must have agreed to the same thing in the same sense. Parsons, Cont. 475–477; *Hazard v. N. E. Mar. Ins. Co.* 1 Sumner, 218; *Bruce v. Pearson,* 3 Johns. 534; *Greene v. Bateman,* 2 Woodb. & M. 359; *Hartford & N. H. R. Co. v. Jackson,* 24 Conn. 514, 63 Am. Dec. 177; *Hodges v. Sublett,* 91 Ala. 588; *Bristol, C. & S. A. B. Co. v. Maggs,* 44 Ch. Div. 616; *Meynell v. Surtees,* 31 Eng. L. & Eq. 475; *Vassar v. Camp,* 11 N. Y. 441; *Johnston v. Fessler,* 7 Watts, 48; *Jordan v. Norton,* 4 Mees. & W. 155; *Ambler v. Whipple,* 20 Wall. 546; *Nat. Bank v. Hall,* 101 U. S. 43; *Baldwin v. Mildeberger,* 2 Hall, 176; *Coles v. Bowne,* 10 Paige, 526; *Utley v. Donaldson,* 94 U. S. 29; *Appleby v. Johnson,* L. R. 9 C. P. 158; *Calverley v. Williams,* 1 Ves. Jr. 210; *Saltus v. Pruyn,* 18 How. Pr. 512; *Crane v. Partland,* 9 Mich. 493; *Phillips*

Cohn and another vs. Plumer.

*v. Bistolli*, 2 Barn. & C. 511; Bishop, Cont. §§ 313, 323; *Dickinson v. Dodds*, 2 Ch. Div. 463; *Cooke v. Oxley*, 3 Term, 653; *Allis v. Read*, 45 N. Y. 142; *Winn v. Bull*, 7 Ch. Div. 29; *Rommel v. Wingate*, 103 Mass. 327; *Schenectady Stove Co. v. Holbrook*, 101 N. Y. 45; *Clark v. Burr*, 85 Wis. 649; *Rounsavell v. Pease*, 45 id. 506; *Strohn v. Detroit R. Co.* 21 id. 554; *Connery v. Best, Saxby & Co.* 1 Cab. & E. 291; *Braeutigam v. Edwards*, 38 N. J. Eq. 542. *Cohn*, when informed by seeing the Holbrook contract of *Plumer's* version of the agreement, repudiated it at once and told *Plumer* it did not show the agreement as made. *Plumer* made no sign, but allowed *Cohn* to go ahead in the faith that he would be paid what his work was worth. Having been silent when he should have spoken, *Plumer* should not now be heard to say that the talk in Milwaukee amounted to a special contract.

For the respondent there was a brief by *Mylrea, Marchetti & Bird*, and a separate brief by *Gabe Bouck*, and oral argument by *Claire Bird* and *Mr. Bouck*. They argued, among other things, that if the contract was made it was not invalidated by not having been reduced to writing. In the cases relied on by the plaintiffs, it will be found that it was a part of the parol contract, either expressed or implied, that it should not be deemed a concluded agreement until executed in writing. *Hodges v. Sublett*, 91 Ala. 588; 3 Am. & Eng. Ency. of Law, 854, note; *Pratt v. H. R. R. Co.* 21 N. Y. 305; *Blaney v. Hoke*, 14 Ohio St. 292; *Blight v. Ashley*, 1 Pet. C. C. 15; *Wharton v. Stoutenburgh*, 35 N. J. Eq. 266; *Cheney v. East. Trans. Co.* 59 Md. 557; *Allen v. Chouteau*, 102 Mo. 309; *Lawrence v. M., L. S. & W. R. Co.* 84 Wis. 433, 435; *Lewis v. Brass*, 3 Q. B. Div. 667; *Rossiter v. Miller*, 3 App. Cas. 1124; *Bonnewell v. Jenkins*, 8 Ch. Div. 70; *Gibbon v. N. E. Met. Asy. Dist.* 11 Beav. 1. There can be no recovery *quantum meruit* for part performance of an entire contract. *McDonald v. Bryant*, 73 Wis.

Cohn and another vs. Plumer.

20; *Diefenback v. Stark*, 56 id. 462; *Koplitz v. Powell*, id. 671; *Davis v. Hubbard*, 41 id. 408; *Jennings v. Lyons*, 39 id. 553.

. WINSLOW, J.   If there was a complete contract made by the plaintiffs at the time of the meeting in the architect's office, to furnish all the granite required for the building, according to the plans and specifications, for a specified sum, then the plaintiffs cannot recover upon *quantum meruit*, because it is admitted that they failed to perform such contract.   There was ample evidence to sustain the finding of the jury that such a contract was made.   In fact, the testimony of *Cohn* himself tends very strongly to substantiate the claim, and the fact that the plaintiffs went to work getting out the stone and shipping it, immediately after the interview, is very significant.   The fact that it was expected that a written contract would afterwards be signed, embodying the terms of the oral contract, does not prevent the oral contract from taking effect.   *Lawrence v. M., L. S. & W. R. Co.* 84 Wis. 433.   The jury, upon sufficient evidence and under correct instructions, have found that the contract claimed by defendant was made.

We see no defect in the special verdict.   It fairly covers all the issues in the case.   No other questions were requested by the plaintiffs, nor do we see any good ground for criticism of the first question.   It fairly submits the pivotal question in the case to the jury.   There seems to have been evidence to justify the jury in finding, in answer to the fourth question, that the reasonable value of the extras furnished was but $23.75. .

The case was fairly tried and submitted, and we have found no error.

*By the Court.*— Judgment affirmed.