EMMA A. ALDRICH v. GRAND RAPIDS CYCLE COMPANY.[2]

July 2, 1895.

Nos. 9494—(223).

Opinion Evidence.

Mere opinion evidence as to value, though uncontradicted, *held* not conclusive.

Verdict—Refusal to Receive.

After the jury had retired to consider their verdict, they returned into court, and presented a verdict wholly unjustified by the evidence. From subsequent proceedings it sufficiently appears that it was not the ver-

---

[1] Reported in 63 N. W. 1038.    [2] Reported in 63 N. W. 1115.

dict intended to be rendered by the jury. *Held*, under all the circumstances, the judge did not abuse his discretion in refusing to receive the verdict, and in sending the jury back to reconsider their verdict.

Appeal by plaintiff from an order of the district court for Hennepin county, Hicks, J., denying a motion for a new trial. Affirmed.

*George R. Robinson*, for appellant.

*S. A. Reed*, for respondent.

CANTY, J. The defendant delivered to plaintiff a number of bicycles to sell on 10 per cent. commission. Plaintiff sold 61 of these for $2,731, for which she is entitled to a commission of $273.10. There is also due her $30 for advertising for defendant. She has paid defendant $1,436.75, leaving a balance due defendant of $991.15. Both parties admit these facts. Plaintiff brought this action to recover a commission for assisting defendant to sell a large number of other bicycles to one Field for the price of $11,290, and asked judgment for a balance in excess of said sum of $991.15, after setting off the same against a part of her claim. The jury returned a verdict for defendant, on its counterclaim, for the sum of $710.09, and from an order denying her motion for a new trial plaintiff appeals.

The court left to the jury the questions whether or not Pratt, the defendant's agent, employed plaintiff to assist him in making the sale to Field, and whether or not Pratt had authority from defendant so to employ plaintiff. Under the evidence, these were both questions for the jury, and the jury must necessarily have found in favor of plaintiff on both questions, so that on these points she has no cause to complain. One of plaintiff's witnesses testified that the usual commission for selling goods on commission was from $7\frac{1}{2}$ to 10 per cent., and that a reasonable charge, under the circumstances of this case, for bringing Field and Pratt together, and assisting in making the sale to Field, would be 10 per cent. of the amount of the sale. It is true that this evidence was not contradicted by any evidence offered on behalf of defendant, but such opinion evidence is not conclusive, even though uncontradicted. Stevens v. City of Minneapolis, 42 Minn. 136, 43 N. W. 842; Olson v. Gjertsen, 42 Minn. 407, 44 N. W. 30. We find no error in the charge.

After the jury had retired to consider their verdict, they returned with a verdict for plaintiff for the sum of $307. Thereupon the fol-

lowing proceedings took place. "The Court: You cannot find for any such sum as that, gentlemen. There can only be found, in any event, $1,129 for the plaintiff, and $991.15 is to be deducted from it. * * * You will return, gentlemen. (After the jury retired the court requested that they be brought into court, whereupon the following proceedings took place:) The Court: Have you that verdict with you, gentlemen, that you had? (The verdict was handed to the court.) The Court: It occurred to me, after you went out, that I could shorten this matter, if that verdict was your verdict, if I can get at your intention. A Juror: We want to take that amount out of the $991.15, and figure the interest. The Court: What I want to get at in open court is the fact. Do I understand, gentlemen, that you desire to find that the plaintiff's services were of the value stated in here? The Foreman: Yes, sir. The Court: Then let me tell you how to make up your verdict. Set down $991.15. From that deduct your $307. Was that amount of the services without interest, or with interest, gentlemen? The Foreman: Without interest. The Court: Mr. Clerk, poll the jury on that question. The question will be, gentlemen, was it your intention, by this verdict, to find the value of the services of the plaintiff was $307? And, as the clerk calls each of your names, answer 'Yes' or 'No.' (The clerk then polled the jury, and each juryman answered in the affirmative.) The Court: Now, deduct $307 from $991.15. That leaves $684.15. Add interest on that at the rate of 7 per cent. per annum since the 1st day of April, and that would be the amount of your verdict in favor of the defendant. You may return now for the purpose of computing that. (The foregoing proceedings, and all thereof, were taken, and each, together with each statement of the court to the jury, severally excepted to, and the exception allowed; and thereupon the jury returned a verdict in favor of the defendant, and against plaintiff, which was received by the court, and filed therein.)"

Under the rule laid down in Tarbox v. Gotzian, 20 Minn. 122, (139), the first verdict was not complete, the jury had not become functus officio, and it sufficiently appears that it was not in fact the verdict intended to be rendered by the jury. Appellant's contention that the action of the court amounted to setting aside the first verdict without a motion for a new trial, and in violation of her right to be heard on such a motion, is not well founded. It does not ap-

pear that the so-called first verdict ever became in fact a verdict. Under the circumstances, the judge did not abuse his discretion, in sending the jury back to reconsider their verdict. We do not wish to be understood, however, as holding that the judge had a right to poll the jury on a verdict which they had not yet presented, or "rendered," as it is stated in G. S. 1894, § 5377. This point is not made by appellant, and, if it was, we do not see that it would avail her, under the exceptions she has taken. She could not wait until the judge had polled the jury, speculate on the result, and then, if that result was unfavorable to her, except to the action of the judge, as she appears to have done in this case.

The order appealed from is affirmed.