POIRIER MANUFACTURING COMPANY v. H. M. GRIFFIN and Another.[1]

May 15, 1908.

Nos. 15,530—(35).

**Opinion of Value.**

The opinions of experts as to the value of things not having a fixed or known market value are not conclusive, but go to the jury to be considered in connection with all the facts and circumstances shown in evidence, and having a tendency to disclose the value of the thing in controversy.

**Same.**

In an action to recover the value of certain grain drills, defendant interposed the defense of breach of warranty and resulting damage to him, the measure of which was the difference in value between the drills as represented and in their actual condition. *Held*, that the evidence offered by plaintiff that the drill frames were worth in the market a stated sum was not conclusive, but should have been submitted to the jury with the other evidence on the subject.

[1] Reported in 116 N. W. 576.

Action in the district court for Lac qui Parle county to recover $655.80, the purchase price of certain drills. The case was tried before Qvale, J., and a jury which returned a verdict in favor of plaintiff for $403.50. From that part of an order which granted defendants' motion for a new trial as to six disc drills, unless plaintiff would consent to a reduction of the verdict to $215.37, it appealed. Affirmed.

*J. H. Driscoll* and *Sears & Potter*, for appellant.

*H. L. Hayden* and *C. A. Fosnes*, for respondents.

BROWN, J.

The facts in this case, in so far as necessary to an understanding of the questions decided, are as follows: The action was brought to recover the purchase price of certain grain drills sold and delivered by plaintiff, the manufacturer, to defendants, implement dealers at Marietta, this state. The defense, by way of counterclaim, was that the drills were warranted to do good work as such, and that there was a breach of the warranty resulting in damage to defendants. Plaintiff had a verdict in the court below, which was set aside and a new trial granted, and plaintiff appealed.

The record presents but one question requiring special mention. The evidence was sufficient to take the case to the jury upon the questions whether the drills were warranted, and whether there was breach of the warranty. The drills were not returned by defendants on discovering that they did not comply with the terms of the warranty, but they elected to retain them and recover damages for the breach, the measure of which is, in cases of this kind, the difference between the value of the drills as warranted and their value in their actual condition. Defendants offered evidence tending to show that they were worthless and of no value whatever in their actual condition; while plaintiff offered evidence to the effect that the defects in the drills could readily be remedied, and that the "frames" were worth $50 for an 18-shoe, $55 for a 20-shoe, and $60 for a 22-shoe drill. Defendants offered no evidence which was received tending to contradict the evidence just referred to that the "frames" were worth the amounts stated, but rested on their testimony to the effect that the drills were wholly worthless. The court correctly charged the jury that the measure of damages, if there was breach of the warranty, was the dif-

ference in value between the machines as represented and in their actual condition, but went further, and instructed them that inasmuch as there was no evidence in the case to contradict that given by plaintiff's witness that the frames of the machines were worth the amount above stated that evidence was conclusive upon the subject, and they must find for plaintiff accordingly.

This instruction was erroneous, and entitled defendants to a new trial. The testimony of both parties upon the subject of the value of the drills and their frames was opinion evidence, and not conclusive upon the court or the jury. It was laid down as a general rule of evidence in Stevens v. City of Minneapolis, 42 Minn. 136, 43 N. W. 842, that the opinion of experts as to the value of services, or anything not having a fixed or known market value, is not conclusive, and that it is the province of the jury to weigh such testimony by reference to all the other facts and circumstances in the evidence, and to judge the weight and force of such opinions by their own common sense and general knowledge of the subject of the inquiry. That case was followed and applied in Olson v. Gjertsen, 42 Minn. 407, 44 N. W. 306, and again in Aldrich v. Grand Rapids Cycle Co., 61 Minn. 531, 63 N. W. 1115. We find no evidence in the record that drill frames, like grain and other farm products, have a fixed and known market value, and the rule of the cases referred to applies to that at bar and sustains the contention of defendants that the question as to the value of the drills or their frames should have been submitted to the jury.

The trial court granted a new trial, but upon another ground. It is not important that the order was not based upon this ground. The error came within the defendants' motion for a new trial, the charge of the court was excepted to at the trial, and the case is controlled by the general rule that where a new trial is granted it will be sustained, even though a wrong reason be given for it, if justified upon some other ground within the motion. Nelson v. Village of West Duluth, 55 Minn. 497, 57 N. W. 149; Morrow v. St. Paul City Ry. Co., 65 Minn. 382, 67 N. W. 1002; Langan v. Iverson, 78 Minn. 299, 80 N. W. 1051; Dunnell, Pr. 972.

It is unnecessary to refer to other questions suggested in the record. Defendants were entitled to a new trial for the reason stated, and, if other technical errors were committed on the trial they are not likely

104 M.—16

to occur again. We may say, however, in view of a new trial, that it is doubtful whether the drill frames should be treated as "second hand," as seems to have been the view of the learned trial court. The new contract made in 1904 seems to have been solely for the purpose of extending the time of payment for the drills; and should be so treated.

Order affirmed.