# LOWELL A. LAMOREAUX AND ANOTHER v. ISADORE WEISMAN AND ANOTHER.[1]

February 23, 1917.

Nos. 20,159—(282).

**Contract for architects' services — evidence — compromise verdict.**

The complaint stated two causes of action upon two separate agreements under which plaintiffs as architects were employed by defendants; the one being to make sketches and procure estimates for a proposed building, the other, made after the sketches were finished, to make working plans and specifications for the building sketched, obtain bids for constructing the same, and superintend the construction. The price for the first work was to be $100, and for the second a certain per cent of the cost of construction. Defendants admitted the first agreement, except that bids and not estimates were to be procured, and denied that a second agreement was ever entered into. It is *held*:

(1) The evidence is sufficient to support a verdict in favor of plaintiffs on both causes of action.

(2) As to the second employment, the jury could find that it was fully and definitely agreed to in all its terms, and, because of the desire to hurry the work to be done under it, plaintiffs were to proceed and did proceed with the same, although a written contract or memorandum was thereafter, at the convenience of the parties, to be prepared and signed. Such finding established a present enforceable contract, though a written contract was never executed.

(3) There were two or more amounts entering the verdict upon which the jury were not concluded by the opinion or estimates of the witnesses, hence the verdict is not demonstrably a "compromise" verdict.

(4) No reversible error is found in the rulings at the trial.

Action in the district court for Hennepin county by the partners doing business as Long, Lamoreaux & Long to recover $3,900 as architects' fees. The answer was a general denial. The case was tried before Dickinson, J., who when plaintiffs rested denied defendants' motions for a directed verdict and a jury which returned a verdict for $2,760. From an

[1]Reported in 161 N. W. 504.

order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Josiah E. Brill* and *A. B. Jackson,* for appellants.

*Ueland & Jerome,* for respondents.

HOLT, J.

Defendants were the owners of a longtime leasehold in Minneapolis, and planned to erect a business block thereon. Plaintiffs, a firm of architects, claim that about May 6, 1915, they were employed by defendants, for an agreed compensation of $100, to make sketches for such proposed building and procure estimates of the probable cost of erecting the same; that such sketches were made and estimates procured previous to May 13, 1915; that on the last named date it was agreed that plaintiffs were to make full working plans and specifications for the shell of the building sketched, procure bids from contractors, and superintend the construction; that for such services plaintiffs were to receive 4 per cent of the contract price for constructing the shell, provided such price did not exceed $70,000, not including architects' fees, and 10 per cent additional upon whatever amount such cost would fall below the sum of $70,000; and that when the plans and specifications were practically completed defendants refused to proceed with the building. The complaint states two causes of action for the recovery of the compensation promised in the two employments. The answer is a general denial, except plaintiffs' partnership is admitted. Upon the trial defendants conceded the employment of plaintiffs to furnish sketches and that such were made, but claimed that they were also to procure bids, from responsible bidders, to erect the building according to the sketches, such bids to show a saving of better than $30,000 over the building that could be erected under the plan defendants had already procured from an architect by the name of Koester; that no such bids were ever furnished; that no working plans for the construction of the shell of the building were ever contracted for; and that by their work, subsequent to May 13, plaintiffs were merely taking a chance of compensation if defendants could be induced to enter a contract for the construction of said building by plaintiffs and Elson-Williams Construction Company jointly, in which event the architects and the construction company should have, in addition to the contract

price, 10 per cent of whatever said price was less than $72,800, said 10 per cent to be divided between plaintiffs and the construction company as they saw fit. Plaintiffs had a verdict of $2,760. Defendants moved in the alternative for judgment or a new trial. The motion was denied *in toto*. This appeal resulted.

The finality of the verdict, if in plaintiffs' favor, on the first cause of action is beyond debate. The only material dispute as to that on the trial was whether plaintiffs should procure bids or estimates on the sketches, and one of defendants admitted that he knew bids could not be obtained upon sketches. We have in general terms stated the contentions of the parties upon the second cause of action. There is evidence supporting both of these opposing contentions. An attempt to analyze the testimony of the respective witnesses would be of no value to bench or bar. Suffice it to say, there is irreconcilable conflict between plaintiffs' and defendants' versions of the transactions in dispute, and neither side can be said, upon the record, to be so conclusively convicted of falsehood that the verdict should, as a matter of law, go in favor of the other. The improbability of the position now taken by either side in view of certain undisputed facts, such as plaintiffs putting a large force upon the plans if they had been informed of a pending sale of the leasehold by defendants, and, on the other hand, the defendants making an agreement for costly plans when the sale was about being closed, was for the jury to consider and their conclusion, ratified by the trial court, should not be set aside by us. We cannot hold that a verdict for plaintiffs is unsupported, or that defendants are entitled to judgment notwithstanding the verdict on the second cause of action.

This question was submitted to the jury: "Was a completed bargain or contract, definite and certain of its terms, as alleged in the complaint, entered into between the plaintiffs on the one hand, and the defendants on the other, on or about May 13th, 1915?" It was answered in the affirmative. No assignment of error specifically assails this special verdict. Its importance is significant upon the legal proposition advanced by defendants, namely, that there was never a consummated employment to make working plans and specifications, because the parties never signed a contemplated written contract. Under plaintiffs' theory the parties were in a hurry and did not stop to draw and sign up a written memo-

randum or contract, but that all the terms were agreed to under which plaintiffs were to proceed at once with the work, and in the meantime the written contract was to be prepared embodying such terms. The jury, under instructions not in any manner challenged, found a completed contract in all its terms, and necessarily found that the parties proceeded thereunder, intending, merely as a precaution against failing recollections and future possible disputes, to reduce it to writing when convenient. Under such a situation even the authorities cited by defendants recognize that there is an enforceable contract. Mississippi & D. S. Co. v. Swift, 86 Me. 248, 29 Atl. 1063, 41 Am. St. 545; Elks v. North State Ins. Co. 159 N. C. 619, 75 S. E. 808; and Alexandria Billiard Co. v. Miloslowsky, 167 Iowa, 395, 409, 149 N. W. 504. In the last named case the statement is made, fortified with numerous citations, that "if the parties stipulate for a formal written agreement expressive of their intention, there is a strong presumption of no contract until the formal instrument is prepared and executed." This impliedly holds the rule to be that a contract is proven when the evidence overcomes this presumption. The true rule is well stated in 7 Am. & Eng. Enc. (2d ed.) 140, thus: "Where the parties make the reduction of the agreement to writing and its signature by them a condition precedent to its completion, it will not be a contract until that is done, and this is true although all the terms of the contract have been agreed upon. But where the parties have assented to all the terms of the contract, the mere reference to a future contract in writing will not negative the existence of a present contract." To the same effect is 9 Cyc. 280, the last sentence of subd. 1; 6 R. C. L. § 39; Jenkins & Reynolds Co. v. Alpena Portland Cement Co. 147 Fed. 641, 77 C. C. A. 625; Wehner v. Bauer (C. C.) 160 Fed. 240; Beach & Clarridge Co. v. American Mnfg. Co. 202 Mass. 177, 88 N. E. 924; Pratt v. Hudson River R. Co. 21 N. Y. 305; Sanders v. Pottlitzer Bros. Fruit Co. 144 N. Y. 209, 39 N. E. 75, 29 L.R.A. 431, 43 Am. St. 757; Disken v. Herter, 73 App. Div. (N. Y.) 453, 77 N. Y. Supp. 300, affirmed in 175 N. Y. 480, 67 N. E. 1081; Cohn v. Plumer, 88 Wis. 622, 60 N. W. 1000; Jung-dorf v. Town of Little Rice, 156 Wis. 466, 145 N. W. 1092.

The verdict is asserted to be such a "compromise" verdict that it must fall. Because defendants failed to erect the building, certain work, which plaintiffs were to perform under the second agreement, could not be done;

and the court charged the jury that the cost or value of such unperformed labor was to be deducted from the fees they would have earned under the contract had the building been constructed. Plaintiffs estimated the value of superintending the construction and unfinished detail drawings at $150. The jury were not bound to adopt this estimate. Stevens v. City of Minneapolis, 42 Minn. 136, 43 N. W. 842; Poirier Mnfg. Co. v. Griffin, 104 Minn. 239, 116 N. W. 576. Neither were the jury compelled to find that the lowest of the bids or estimates for constructing the building would have been the actual cost, or would have been the one accepted by defendants had they proceeded with the construction. We think the verdict, because of the facts alluded to, cannot be proven a "compromise" verdict so that, as a matter of law, it must be held perverse or invalid.

We see nothing in the errors assigned upon the trial court's ruling on the admission or rejection of evidence which calls for comment. The defendants were tenants in common, and no authority of the one to act for the other, in respect to the contemplated improvements, could be implied. But both were present when the claimed agreements were made, and both the prior and subsequent conversations had with the one in the absence of the other, which were admitted in evidence, were not of a character that could have helped or harmed either side, and, moreover, were so connected with the conversations at which both defendants were present that there was no error in their reception.

The printed briefs as well as the oral arguments of appellants present strong and persuasive reasons why a jury should render a verdict for them on the second cause of action. But from a perusal of the entire record it is plain to us that, upon the evidence, the jury were justified in rejecting many of the conclusions drawn by counsel. Doubt concerning the justice and good faith of the defense may well have entered the minds of the jury when one of the defendants' counsel, who knew them well and had served them in previous legal transactions, saw fit to take the stand and lay bare their business methods. He testified that he thus warned plaintiffs against defendants before these agreements were made: "If you have any ideas, and want to sell them, to get them in a contract before you give them any idea, because they would use the ideas and not pay you."

The order is affirmed.