## HOMER MORRIS v. WILLIAM H. WULKE.[1]

### October 11, 1918.

### No. 21,060.

**Value of attorney's services — expert testimony not conclusive.**

> Expert testimony as to value of services is not in ordinary cases conclusive. The amount allowed plaintiff for legal services rendered is not so inadequate as to require this court to set the verdict aside.

Action in the district court for Hennepin county to recover $5,000 for services in acting as attorney for defendant in an action for divorce. The answer alleged that plaintiff performed the services for the agreed sum of $50 and that plaintiff had been fully paid therefor. The case was tried before Steele, J., and a jury which returned a verdict for $250. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Frank W. Booth,* for appellant.

*Arthur M. Higgins,* for respondent.

HALLAM, J.

This is an action to recover the reasonable value of legal services in procuring a divorce. The ground of divorce was desertion. The case was contested. Plaintiff testified in detail as to the services rendered. He testified that the trial consumed parts of three days; that antenuptial contracts were involved and that his client was possessed of consider-able property; that he spent four or five days looking up the law as

[1]Reported in 169 N. W. 22.

to the bearing of a divorce upon the antenuptial contracts, about three days preparing the evidence for trial, and half a day preparing a trial brief. His evidence on some of these points is contradicted. He testified that the value of his services was $5,000. He called three attorneys who testified as experts. Two placed the value of plaintiff's services at $3,000 and the other at $2,500. There was no other direct testimony as to value. The jury by the verdict placed the value at $300. Plaintiff appeals. His contention is that the verdict is inadequate.

The opinion of experts as to the value of services, even though not directly contradicted, is not in ordinary cases conclusive. Stevens v. City of Minneapolis, 42 Minn. 136, 43 N. W. 842; Olson v. Gjertsen, 42 Minn. 407, 44 N. W. 306; Aldrich v. Grand Rapids Cycle Co. 61 Minn. 531, 63 N. W. 1038; Lamoreaux v. Weisman, 136 Minn. 207, 161 N. W. 504. Leonard v. Rosendahl, 133 Minn. 320, 158 N. W. 419, does not announce any different rule. The decision of that case did not depend on expert testimony alone.

There are no facts to take this case out of the general rule. In fact the wide divergence of opinion among the experts themselves in their estimates of value in this case is such as to demonstrate the inconclusive character of their testimony.

The evidence might well have sustained a somewhat larger verdict but the amount allowed is not so inadequate as to require an appellate court to set the verdict aside.

Affirmed.