## IN RE ESTATE OF EUGENE FITZGERALD.
## JOHN A. FEARON v. LUCILLE K. FITZGERALD AND ANOTHER.[1]

March 31, 1939.

Nos. 31,874, 31,875.

[1]Reported in 285 N. W. 285.

*T. J. Mangan* and *John I. Davis,* for appellant.

*O. K. Alger,* for respondents.

JULIUS J. OLSON, JUSTICE.

Eugene Fitzgerald died testate March 30, 1936, a resident of Stevens county. His will, dated the 24th of that month, was there admitted to probate May 13, and letters of administration with the will annexed were issued to appellant. His estate consisted of 700 acres of farm land and an additional 320-acre farm sold under contract, all appraised at $39,500. His personal property, appraised at $31,500, was mostly in the form of mortgages, government securities, bank deposits, and the like. They were what is ordinarily termed quick assets.

In due course the representative submitted his final account and therein claimed credit for $1,700 as compensation for his services, and, in addition, fees of $3,100 paid to his attorney. Respondents, a niece and nephew of decedent, also interested as specific and residuary legatees under his will, appeared at the hearing in probate court and objected to the two items mentioned, claiming them to be excessive. The probate court allowed $1,000 to the representative and $1,500 as attorney's fees. The matter was then appealed to the district court, where, upon trial *de novo,* findings and order for judgment were made sustaining the order of the probate court. Judgment accordingly was entered, and the representative appeals, claiming, as he did below, that the compensation allowed him and his attorney was inadequate. There was no motion for new trial nor were amended or other findings suggested.

■ While the assignments of error doubtlessly are faulty, we have concluded to dispose of the appeal on its merits as we have before us a settled case containing all the evidence introduced on the trial. This being so, the question of the sufficiency of the evidence to justify the findings is properly here although no motion for new

trial was made in the court below. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 388, and cases cited under note 21; 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7073c, and cases cited under note 10.

■ Going directly to the issue presented, we find considerable conflict in the evidence with respect to the value of the services rendered by the representative and his attorney. As to the value of the former's services, the testimony is such as to leave no doubt that he has been liberally paid in the amount fixed by the probate court and sustained on appeal by the district court. The same conclusion is inescapable with respect to attorney's fees. While there were more experts testifying for the complaining attorney than those testifying for respondents, the fact remains that it was for the court to decide this issue. It long has been established, in this state at least, that "the opinion of experts as to the value of services, even though not directly contradicted, is not in ordinary cases conclusive." (Citing cases.) Morris v. Wulke, 141 Minn. 27, 28, 169 N. W. 22. There attorney's fees in the amount of $5,000 were sought. Plaintiff's experts testified that the services rendered were of the value of $2,500 to $3,000. There was no testimony opposed thereto, yet the trial court and this court on appeal sustained a verdict for only $250. An attorney like any other litigant must realize that when the value of his services becomes a fact issue in any litigation he must take the same chances as do other litigants. Compare Pye v. Diebold, 204 Minn. 319, 322, 283 N. W. 487, 489.

■ We are not to be understood as criticizing the conclusion reached below. All we can and do say is that the record amply sustains the findings and resulting judgment. There was testimony, expert and otherwise, upon which the court could well have found that less amounts than those awarded would adequately compensate the complaining parties. "There are no facts to take this case out of the general rule. In fact the wide divergence of opinion among the experts themselves in their estimates of value in this case is such as to demonstrate the inconclusive character of their testimony." Morris v. Wulke, *supra*.

There are other matters mentioned in counsel's brief, but we find upon examination that these do not go to the real issues liti-

gated and determined below, these being limited to the items mentioned.

Affirmed.

Mr. Justice Hilton, incapacitated by illness, took no part.