## JOHN H. DONOHUE v. ACME HEATING SHEET METAL AND ROOFING COMPANY, INC.[1]

March 12, 1943.

No. 33,328.

[1]Reported in 8 N. W. (2d) 618.

*Claire I. Weikert,* for appellant.
*William T. Johnson,* for respondent.

HILTON, JUSTICE.

This is an action to recover damages for breach of an implied warranty of fitness for the purpose in connection with the purchase of an oil heating unit sold by defendant to plaintiff. A verdict of $500 was returned for plaintiff, and defendant appeals from an order denying its alternative motion for judgment or a new trial.

In the spring of 1939 plaintiff purchased from defendant a gun type Timken oil heater unit for the purpose of furnishing heat to a new house plaintiff was then constructing. The installation was not made by defendant but by others. Plaintiff testified that during the next two years he had continual trouble and difficulty with the oil burner; that for a portion of the time it refused to function at all; that at other times it worked defectively; that on two occasions there were explosions which caused soot and oil substances to be spread throughout the house on the walls and ceilings; that numerous efforts were made by servicemen to correct the alleged defective condition of the unit without success; and that after the second explosion he was compelled to remove it. Defendant admitted the sale of the unit, but contended that whatever difficulty may have existed in its operation was due to improper installation of the plant and not to any defect in the unit itself.

■ In its first assignment of error defendant contends that a verdict should have been directed upon the testimony of plaintiff that he had insurance for smoke damage under which he had been paid for the loss occasioned by the oil and smoke. However, it is well settled by the decisions of this state that insurance coverage

of the plaintiff has no effect on the liability of a defendant for a tort. Solberg v. Minneapolis Willys-Knight Co. 177 Minn. 10, 12, 224 N. W. 271; Evans v. C. M. & St. P. Ry. Co. 133 Minn. 293, 158 N. W. 335; State ex rel. City of Duluth v. District Court, 134 Minn. 28, 158 N. W. 791, Ann. Cas. 1918B, 635. This is on the theory that defendant cannot escape liability for his wrong because of insurance bought and paid for by plaintiff. The insurance was not carried for the benefit of defendant but for the protection of plaintiff. Consequently the existence of insurance was immaterial for the purpose of defeating recovery of damages.

■ The next contention of defendant is that there was no evidence to sustain the verdict. The action was brought under Minn. St. 1941, § 512.15(1), (Mason St. 1927, § 8390[1]), which reads as follows:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

There is testimony to the effect that defendant knew well the purpose for which the burner was being purchased, that plaintiff knew nothing about oil burners, and that he relied on the seller's skill and judgment in picking out the type of burner needed for his new home. The fact questions were clearly presented to the jury, and, by its verdict, the jury repudiated the contention of defendant that the damage was caused by faulty installation of the burner, and found that the heating unit was defective. Under the well known rules binding this court on review of fact questions, there is ample evidence to sustain the verdict on this point.

There was no laches on the part of plaintiff. His many attempts to remedy the defect in the burner did not prejudice his rights in this action. The suit was brought shortly after the last explosion, which caused him finally to remove the burner.

Lastly, it is claimed that the verdict was a compromise one. This assignment is not sustained by the record. The verdict is a moderate one. The action was one for unliquidated damages. The jury had a right to give less than the amount prayed for by plaintiff, as is usually done. Lamoreaux v. Weisman, 136 Minn. 207, 161 N. W. 504; Poirier Mfg. Co. v. Griffin, 104 Minn. 239, 116 N. W. 576.

Affirmed.

