STATE, BY MILES LORD, ATTORNEY GENERAL, v.
MERLE SHIRK AND OTHERS.
EMERY THOMPSON AND ANOTHER, APPELLANTS.

91 N. W. (2d) 437.

August 1, 1958—No. 37,224.

*Frundt & Hibbs,* for appellants.

*Miles Lord,* Attorney General, *Robert W. Mattson,* Deputy Attorney General, and *Hartley Nordin,* Special Assistant Attorney General, for respondent.

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying appellants' motion for a new trial. The action in the court below involved an appeal from an award of court-appointed commissioners in a proceeding in eminent domain for condemnation of land for highway purposes. The commissioners made an award in the sum of $2,492 as damages for the taking by the state of certain land for highway purposes. On the trial of the appeal the jury awarded $2,000. The landowners contend that this verdict is so inadequate as to indicate that it was based upon passion and prejudice; that the verdict is contrary to law; and that there is insufficient evidence to sustain the verdict.

From the record it appears that the Thompsons are owners of an 80-acre farm located in Faribault County. The farm consists of two adjoining 40-acre tracts, each of which lies along the east side of Highway No. 253. A permanent easement was taken over a strip containing 1.65 acres along the west side of the farm. A temporary easement was taken over 2.75 acres. The amount of damage resulting from the taking, in the opinion of the property owners' expert witnesses, ranged from a low of $5,545 to a high of $6,631. The owner of the property and his tenant both testified that the damage amounted to $8,000. The amount of damage, in the opinion of the state's experts, ranged from $2,000 to $2,500. Upon trial of the issues, during which the jury had a view of the property in question, the amount of the damage was fixed by the verdict in the sum of $2,000.

The sole issue as presented by the appellants' brief is this: "Where there are opinions as to the value of land by experts testifying for both parties, may the jury reject the testimony of all such expert witnesses and find the damages in a lesser amount." The issue thus presented is based upon the uncertain premise that the damage determined by the jury was in an amount less than a minimum figure expressed by any of the expert witnesses. The record does not show this to be the case. The property owners rely for reversal on the contention that, while one of the state's experts in his direct examination fixed the amount of damage at $2,000, he changed this figure on cross-examination to the sum of $2,492. They conclude, therefore, that the lowest opinion as to damage was $2,492 and that the evidence cannot support the verdict in the lesser amount. We have carefully examined the testimony of the particular expert whose opinion is in question. It is clear to us from an examination of his testimony that when he referred to damage in the sum of $2,492 he was talking about the findings of the court-appointed commissioners, of which he was one. He did not change or withdraw his opinion as to damage given on direct examination. It is our view, accordingly, that his testimony as to damage given on direct examination was not necessarily impeached, and the jury could have reasonably found that the damage was the lesser amount expressed in that testimony.

Aside from the merits of the claim of inconsistency in the testimony of this particular witness, it may be said that it has long been the rule in this state that opinion testimony as to value is not binding upon the jury. Johnson v. Chicago, B. & N. R. Co. 37 Minn. 519, 35 N. W. 438; Stevens v. City of Minneapolis, 42 Minn. 136, 43 N. W. 842; Olson v. Gjertsen, 42 Minn. 407, 44 N. W. 306. Opinions of expert witnesses are only advisory and the jury may weigh such evidence in the light of all the facts and opinions presented to it, and draw its own conclusions from it.[1] It is only where the question relates to a matter of science or specialized art, or other matter of which a jury must be presumed to have no knowledge, that a jury must accept the opinions of experts as conclusive.[2]

5 Nichols, Eminent Domain (3 ed.) § 18.1, states the rule as follows:

"Generally, the arbiters of the facts, in valuing the land appropriated, are not limited to the knowledge which they acquire from the evidence adduced. They may rely, in part at least, upon the evidence of their own senses when engaged in a 'view' of the premises and upon their own general knowledge and experience. Value is always a matter of opinion. *The opinions of expert witnesses are merely advisory. If they agree with common sense and human experience, well and good. If, however, they differ from ordinary observation, human experience and common sense they may well be ignored.*" (Italics supplied.)

Since Johnson v. Chicago, B. & N. R. Co. *supra,* this court has consistently held that opinion evidence as to value is not conclusive upon the jury in determining damages. In that case, which we think is determinative of the issues before us, the question was whether or not it was proper to instruct the jury that the opinions of expert witnesses as to value were not conclusive upon them in estimating damages. In holding the instruction was proper, this court said (37 Minn. 521, 35 N. W. 439):

"* * * Where testimony as to values is mere opinion, the jury are

---

[1] 5 Nichols, Eminent Domain (3 ed.) §§ 18.1, 18.4; 18 Am. Jur., Eminent Domain, § 355; 32 C. J. S., Evidence, § 568; 7 Dunnell, Dig. (3 ed.) § 3334.

[2] 7 Dunnell, Dig. (3 ed.) § 3334.

not bound by the amounts stated by the witnesses. The facts and reasons stated by a witness, as a basis for his estimate of value, may be such as to justify the conclusion that the estimate is too high or too low, and the jury surely could not be required to ignore such facts and reasons."

This authority has been consistently followed by later cases. See, Stevens v. City of Minneapolis, 42 Minn. 136, 43 N. W. 842; Olson v. Gjertsen, 42 Minn. 407, 44 N. W. 306; Bloomquist v. Sanders, 162 Minn. 296, 202 N. W. 496; Remington v. Savage, 148 Minn. 405, 182 N. W. 524; Poirier Mfg. Co. v. Griffin, 104 Minn. 239, 116 N. W. 576; Morris v. Wulke, 141 Minn. 27, 169 N. W. 22; Pye v. Diebold, 204 Minn. 319, 283 N. W. 487; In re Estate of Fitzgerald, 205 Minn. 57, 285 N. W. 285.

The appellants further contend that they have been deprived of property without just compensation and argue that the amount awarded can in no way be reconciled with the damage sustained. The appellants correctly point out that the lowest estimate of damages for replacement of fence, crop damage, and replacement of cattle guard total the sum of $890. By deducting this sum from the $2,000 verdict they conclude that the jury awarded $1,110 as compensation for their loss of the land for highway and slope easements. This award for the taking of 4.4 acres of land leaves them with compensation on the basis of $252 per acre, whereas the lowest valuation placed on the land, even by the state's appraisers, was $350 per acre. They assert that this result is not justified by the evidence. We agree that, if the entire 4.4 acres had been taken permanently, there would be merit to this argument. It is obvious, however, that the jury in making its award recognized that only 1.65 acres were taken permanently and that the easement on the remaining tract was only for a period of 3 years. The jury had a right to take into consideration the nature and extent of the taking in making its award, and under the circumstances we cannot say that the verdict is not justified by the evidence.

In support of their contention that they have been deprived of property without just compensation, the property owners rely on Burnquist v. Cook, 220 Minn. 48, 19 N. W. (2d) 394. That case may be clearly distinguished from the one before us. In the Burnquist case the

state took by condemnation the owner's right of access to Trunk Highway No. 36 for the purpose of making it a "freeway" highway. A new trial was granted because the jury failed to award damages for the loss by the owner of right of access, which was a substantial property right. While in the case before us substantial property rights were taken, the amount awarded as determined by the jury was commensurate with the loss of those rights.

Affirmed.