STATE OF MINNESOTA *vs.* MADOLYN FRELINGHUYSEN.

May 12, 1890.

**Criminal Trial—Challenge of Juror—Questions on Voir Dire.**—Upon the trial of defendant for the crime of receiving stolen property, a person was called as a juror who knew that the accused was the keeper of a brothel. In response to a question the juror had answered upon his *voir dire* that his knowledge of defendant's occupation had not prejudiced him against her, and that he was absolutely impartial as to the pending charge. Defendant's counsel then asked the question that if, upon the trial, her business should be shown, and the evidence in the case was such as to leave in the juror's mind a reasonable doubt as to her guilt, would he be able to give her the benefit of such doubt. The court sustained an objection to this question. *Held,* that this ruling was not erroneous.

**Same—Improper Remarks of Counsel—Objection, how to be Taken.** When counsel in their arguments to the jury make remarks which are foreign to the case, are unwarranted by the testimony, and are calculated to prejudice a party in the minds of the jurors, the attention of the court should be called to the objectionable language, and a ruling obtained. This may be done at the time the words are used, or when the jury is charged upon the law applicable to the pending issues. An exception to the remarks of counsel simply, is insufficient to raise the question on appeal.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried before *Wilkin,* J., and a jury.

*Hawes, Lomen & Dungan,* for appellant.

*Moses E. Clapp,* Attorney General, and *J. J. Egan,* for the State.

COLLINS, J. The defendant was indicted for the crime of receiv-

ing stolen property. At her trial one Casey was called as a juror, and challenged by the defence for actual bias. Upon the *voir dire* the defendant's counsel disclosed the fact that the proposed juror had, through a newspaper article, learned the business of the defendant, which was that of keeping a house of ill-fame. Casey was then asked, more than once, whether his knowledge of the character of the business in which defendant was engaged had created a prejudice in his mind so that he could not sit in the trial of the case at bar as an absolutely impartial juror. He repeatedly, and apparently with candor, answered that he was not prejudiced against defendant, and was absolutely impartial. The counsel then asked that if, upon the trial, defendant's business should be shown, and the evidence as to the pending charge was such as to leave in the juror's mind a reasonable doubt as to guilt, would the juror be able to give to the accused the benefit of that doubt. To this question the state objected, and the court sustained the objection. The juror was sworn. The ruling was correct. The question had in substance been answered. The juror had stated that a knowledge of the defendant's business had not prejudiced him against her, and that he was absolutely impartial. If so, he would try the case upon the merits, wholly unbiased by the fact that the accused followed a disreputable occupation, and with due regard to the instructions of the court, which would, of course, include one as to reasonable doubt. Again, the record here does not show that the defendant was prejudiced by reason of the disallowance of the challenge. Without going so far as we might under the cases therein cited, we call attention to *State* v. *Lawlor*, 28 Minn. 216, (9 N. W. Rep. 698.) See, also, *Hayes* v. *Missouri*, 120 U. S. 68, (7 Sup. Ct. Rep. 350;) *Hopt* v. *Utah*, 120 U. S. 430, (7 Sup. Ct. Rep. 614.)

The counsel for the state, when making his closing argument to the jury, used the following words: "Conscience smote! A woman who was keeping a house of ill-fame, who searches the market for new victims, who sends her recruiting sergeants out to lure young and innocent girls." From the bill of exceptions it clearly appears (as might be expected if the testimony was confined to the issue) that there was nothing before the jury which indicated that, as the

keeper of a brothel, defendant had pursued the very reprehensible practice attributed to her by the prosecuting officer. There was no testimony which would warrant the accusation made, or which could have justified a line of argument so foreign to the case in hand. We realize that allowance must be made for intemperate and unfair allusion by zealous counsel, engrossed in the trial of an action, but the language here used exceeded the bounds of legitimate argument, should not have been indulged in, and may, as the counsel now insist, have been prejudicial to their client. But, admitting all this, the record shows that the defendant's counsel did nothing more than to except to the remarks when they were made, while the only assignment of error in reference thereto is that the court erred in permitting the argument to proceed without reprimanding the attorney for using such language. The trial court was not called upon to make a ruling of any kind. It did not decline to completely and thoroughly cover the error by an instruction. The only complaint is that it did not, of its own volition, interrupt and reprimand the counsel while engaged in his argument. The court was not at any time requested to make a ruling whereby the impression which the defendant's counsel now claims may have obtained with the jurors, to her prejudice, by reason of the unwarranted comment upon her conduct, might have been corrected. This should have been done, either at the time the objectionable words were used, or when the court came to its charge to the jury. The exception to the remarks of the public prosecutor, although coupled with the alleged error of the court in failing to reprimand him at the time of the occurrence, is insufficient. It does not properly present the question which has been argued.

Judgment affirmed.