### EMMA GUTHIER v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

November 7, 1902.

Nos. 13,184—(134).

**Damages not Excessive.**

> *Held,* in this, a personal injury action, that the damages awarded are not excessive.

Action in the district court for Freeborn county to recover $3,000 for personal injuries resulting from plaintiff being carried beyond her destination while a passenger on defendant's railway train. The case was tried before Kingsley, J., and a jury, which rendered a verdict in favor of plaintiff for $1,375. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Albert E. Clarke,* for appellant.

*H. H. Dunn* and *Morgan & Meighen,* for respondent.

START, C. J.

This is a personal injury action. The jury returned a verdict for the plaintiff for $1,375, and the defendant made a motion for a new trial on the grounds that the verdict was not justified by the evidence, was contrary to law, and, further, that the damages were excessive, appearing to have been given under the influence of passion and prejudice. The motion was denied, and the defendant appealed from the order denying it.

It is admitted by defendant that the plaintiff was entitled, upon the record, to a verdict for some damages, but it insists that the amount awarded her is so excessive that it was error for the court to deny its motion for a new trial. This claim presents the sole

[1] Reported in 91 N. W. 1096.

question for our decision on this appeal. In discussing this question, defendant's counsel quotes in his brief portions of the closing argument of plaintiff's counsel to the jury, which, it is claimed, were intemperate, unwarranted, and prejudicial to the defendant. The parts of the argument complained of cannot be justified, for, judged by the record before us, they exceeded the limits of any fair criticism of the defendant and the testimony of the witnesses. But if the defendant wished to take exceptions to the remarks of counsel, and to urge them as a reason why a new trial should be granted, it should, in the first instance, have done so in the district court, and specified the alleged misconduct of counsel in the notice of motion for a new trial. This was not done, and the question cannot be raised in this court for the first time. If the damages are so excessive as to show, when tested by the evidence, that they must have been awarded as the result of passion or prejudice on the part of the jury, the defendant is entitled to relief; otherwise not.

The evidence as to the nature and extent of the plaintiff's injuries due to the defendant's negligence is conflicting. On the part of the plaintiff, the evidence tended to establish these facts: The plaintiff is a married woman, thirty-seven years of age, and, previous to the injuries complained of, was strong and healthy. On November 30, 1900, she was a passenger on the defendant's night train from Albert Lea, this state, to Norman, in the state of Iowa,—the nearest railway station to her home in Emmons, this state, which is one mile north of the station. The train left Albert Lea about midnight. The conductor of the train took up her ticket, and knew that she was to leave the train at Norman station; but he did not stop the train at that station, but ran it past at full speed. As soon as she was aware that the train had passed the station, she inquired of the conductor where they were. He made no answer, but soon stopped the train, and then informed her that the train was one-eighth of a mile past the station. He refused to comply with her request to back the train to the station. He and a brakeman then took her hand baggage and parcels, with that of a lady friend who was traveling with her, and bound for the same station. The ladies followed them, and were helped off the

train at a point four miles past the station, and told to stand still while the train passed. She then, carrying a heavy satchel and another parcel, climbed upon the railway embankment, and started along the track for the station, only one-eighth of a mile away, as she then believed. The night was dark, very cold, and the wind blew. Believing she had only a short distance to go, she walked rapidly, but soon discovered the mistake, and became nervous and frightened. She and her companion struggled on, and in time reached the station, which was closed, exhausted. Resting here for a while, she then started for her home, reaching it at about three o'clock. She was so frightened, nervous, and exhausted that she could not sleep. The next day she commenced vomiting, and was troubled with violent pains in her stomach, head, and side. Her limbs were swollen and stiffened, and she was troubled with severe pains in them. She continued in a nervous state for a long time, and was unable to sleep. For six weeks she was confined to her bed, and, upon endeavoring to leave her bed and sit up in a chair, was compelled, by reason of her condition, to go back to her bed for another three weeks. All this time she was suffering severe pains in her limbs and body, and down to the time of the trial of this action, some fourteen months after her injuries, she continued to suffer from a sharp pain in her left side. A physician was called to treat her. She was under his care for some six weeks. She was confined to the house for four months. The physician gave it as his opinion that a surgical operation was necessary to secure her recovery. The medical testimony on her part tended to show that she was suffering, with other physical disabilities, from the result of inflammation of the peritoneum, not due to any organic trouble, and a displacement of the womb, but neither of the two physicians called by her expressed any opinion as to the cause of the inflammation and displacement. The experts called by the defendant gave it as their opinion that they could not have been caused by the exposure, hardship, and fright incident to her walk of five miles under the conditions stated.

Conceding, in deference to the opinion of the learned experts, that these particular disabilities were not due to the defendant's negligence, still we are of the opinion, upon the whole evidence as

to the nature and extent of plaintiff's injuries, that the damages awarded her, while generously compensatory, are not so much so as to justify the conclusion that they were given under the influence of passion or prejudice. We therefore hold that the award of damages in this case is fairly sustained by the evidence.

Order affirmed.