## THE STATE OF NORTH DAKOTA v. SIMON KNUDSON.

(132 N. W. 149.)

**Criminal Law — Argument of Counsel.**

1. Counsel, in argument to the jury, must confine himself to the evidence in the case, and should not go beyond the limits of legitimate argument and comment thereon.

**Criminal Law — Remarks of State's Attorney — Objections — Caution and Reprimand by Court.**

2. Where the defendant alleges misconduct on the part of the state's attorney in his argument to the jury, and relies on the same as ground for reversal, he must first seasonably object thereto, and obtain a ruling from the trial court thereon, requesting the court to take action by reprimand to the counsel, instructions to the jury, or other suitable action; and if the instructions given do not sufficiently cover the point raised, he should request, in writing, additional instructions.

**Criminal Law — Argument of Counsel.**

3. The evidence examined, and *held*, that the statement of counsel was based on the evidence in the case.

Opinion filed June 13, 1911.

Appeal from District Court, Nelson county; *Chas. F. Templeton,* Judge.

Simon Knudson was convicted of selling intoxicating liquors, and he appeals.

Affirmed.

*Bangs & Robbins,* for appellant.

Counsel's statements in argument not warranted by the evidence are prejudicial error. People v. Carr, 64 Mich. 702, 31 N. W. 590; People v. Dane, 59 Mich. 550, 26 N. W. 781; Hurd v. People, 25 Mich. 405; Wellar v. People, 30 Mich. 16, 1 Am. Crim. Rep. 276; People v. Evans, 72 Mich. 367, 40 N. W. 473; State v. Prendible, 165 Mo. 329, 65 S. W. 559; State v. Fischer, 124 Mo. 460, 27 S. W. 1109; State v. Jackson, 95 Mo. 623, 8 S. W. 749; State v. Young, 99 Mo. 666, 12 S. W. 879; Brown v. Swineford, 44 Wis. 282, 28 Am. Rep. 582; Ferguson v. State, 49 Ind. 33, 1 Am. Crim. Rep. 582; State v. Irwin, 9 Idaho, 35, 60 L.R.A. 716, 71 Pac. 608, 13 Am. Crim. Rep. 620; People v. Derbert, 138 Cal. 467, 71 Pac. 564; Baker v. Com. 106 Ky. 212, 50 S. W. 54; People v. Wells, 100 Cal. 463, 34 Pac. 1078; People v. Bowers, 79 Cal. 415, 21 Pac. 752; People v. Ah Len, 92 Cal. 282, 27 Am. St. Rep. 103, 28 Pac. 286; Nalley v. State, 28 Tex. App. 387, 13 S. W. 670; Leahy v. State, 31 Neb. 566, 48 N. W. 390; Myers v. Myers, 111 Iowa, 584, 82 N. W. 961; Hood v. Chicago & N. W. R. Co. 95 Iowa, 331, 64 N. W. 261; People v. Mullings, 83 Cal. 138, 17 Am. St. Rep. 223, 23 Pac. 229; Holder v. State, 58 Ark. 473, 25 S. W. 279; Flint v. Com. 81 Ky. 186, 23 S. W. 346; Newby v. People, 28 Colo. 16, 62 Pac. 1035; State v. Rodriquez, 31 Nev. 342, 102 Pac. 863.

*Andrew Miller,* Attorney General, *Alfred Zuger* and *C. L. Young,* Assistant Attorneys General, for respondent.

Remarks justified by the evidence are not grounds for reversal. State v. Nyhus, 19 N. D. 326, 27 L.R.A. (N.S.) 487, 124 N. W. 71; Driscoll v. People, 47 Mich. 413, 11 N. W. 221; State v Goodman, 78 Mo. App. 224; Harmon v. Territory, 15 Okla. 147, 79 Pac. 765; Henderson v. State, 51 Tex. Crim. Rep. 193, 101 S. W. 245; 12 Cyc. 576.

BURR, J. This appeal is prosecuted in this court on one specification of error, as follows: The state's attorney, in addressing the jury, made the following statement: "This witness (pointing to defendant) has perjured himself most damnably; deepest of all in testifying to the fact that for the past four years he has not sold any intoxicating liquors

in the city of Aneta, and hasn't gone about the street with his over-coat pockets filled with beer bottles." The information in this case charges the defendant with a felony in selling intoxicating liquors as a beverage, and that the defendant, prior thereto, had been convicted of wilfully and unlawfully selling intoxicating liquors. A verdict of guilty was rendered, and the court sentenced the defendant to imprison-ment in the penitentiary for one year at hard labor. From the judg-ment rendered herein he appeals. The testimony for the state and for the defendant is very brief. The defendant was arrested upon the com-plaint of one Gilbert Davis, who is the only witness for the state, and he testified that he bought three bottles of beer from the defendant in the city of Aneta, paying therefor, and that the defendant, after receiv-ing the order for the beer, went out from the place where they met, and shortly afterwards returned with the bottles of beer in his pockets, or, using the language of the witness Davis, "he carried the beer in his two hip pockets and one in his inside pocket, here." The defend-ant denied the sale and denied knowing the witness, stating that so far as he could remember he never saw him before the time he went on the stand at the preliminary examination, and that he did not know his name and never had anything to do with him. The defendant lived in Aneta, and the prosecuting witness testified that he, the prosecuting witness, had been employed as a drayman in Aneta for about a month; that he had made deliveries to the defendant at defendant's house, had seen him there, talked with him on three or four different occasions in the month prior to the sale; that the defendant knew his name and called him by name; that he had traded watches with him; that he had met the defendant on the street from time to time and talked with him there; and that he had talked with him altogether from twelve to fifteen times.

During the argument to the jury the state's attorney made the state-ment set forth in the specification of error, and at the time the state-ment was made the counsel for defendant excepted to the statement, which exception was allowed by the court. No objection was taken to this statement other than the exception, nor was the court asked by the defendant to reprimand the counsel, nor did the defendant ask from the court any instruction to the jury to disregard this statement. In the charge to the jury, however, the court referred to this matter as follows: "Now, an exception has been taken by one of the counsel of

the defendant, to certain remarks made by the state's attorney in his address to you. Now, if Mr. Shirley, in his argument here, has made any statements that are not warranted by the evidence in the case, it is your duty to wholly disregard such statements. Any statement that Mr. Shirley made, if he did make any statements that are not fully warranted by the evidence, you should wholly disregard in arriving at the verdict."

The defendant claims that the statement made by the state's attorney hereinbefore quoted is of such prejudicial character as will require this court to reverse the judgment of the lower court. It will be noted that it is not alleged that the trial court made any error in the case. No complaint is made of any ruling of the court in this matter, nor of any failure of the court with reference thereto. Distinction must be drawn between legitimate comment by counsel upon the evidence of the case and the independent testimony of the counsel. The right of argument on the testimony is one which exists in the trial of cases in our courts, in order that each side represented may, as fully and fairly as possible, present the facts, so that the truth may be ascertained. In doing this the largest and most liberal freedom of speech is allowed. Counsel has a right to impugn, justify, or condemn motives, basing his argument, of course, upon the evidence. He has a right to argue to the jury the credibility of the witnesses, and if a witness has been shown to have testified falsely, he has a right to call the attention of the jury to this fact.

Of course, there are and must be limitations to this freedom of speech, and no counsel should ever forget his duty to the court in the administration of justice, but should conduct his case with dignity and courtesy. When he occupies the position of state's attorney, his relation to the administration of justice is more pronounced. Justice to the state and the defendant should be his sole aim, and in the prosecution of his cases he should refrain from mere personal abuse. Yet he has the right within reasonable limits to denounce actions and motives of witnesses on the stand, when such denunciations can fairly be inferred and drawn from the evidence in the case. It is not every extravagant statement that is prejudicial, and the mere fact that an inference from the evidence may be illogical or erroneous does not necessarily establish that his statement thereby became prejudicial. There is evidence in this case from which the counsel could fairly infer that

the defendant perjured himself. The witness for the state swore to the commission of the crime; the defendant denied it. Under the testimony, if the witness for the state be correct, then the defendant did perjure himself, and carried bottles of beer around in his pockets on the streets of Aneta within the time specified. The defendant relies upon the ruling of this court in the case of the State v. Nyhus, 19 N. D. 326, 27 L.R.A.(N.S.) 487, 124 N. W. 71. In that case the court says that the statement made by the attorney "was not comment upon the evidence, but was the independent testimony of the attorney." The court says that there is no evidence in the record with reference to the statement made by the attorney. The defendant was being tried for the offense of rape, and the counsel for the state urged conviction "in view of the fact that you (the jury) have before you two girls whose lives have been ruined by this defendant." There was no evidence of this in the case, and therefore the attorney was clearly guilty of indulging in independent testimony. In the case at bar the language is strong, but it is based upon the testimony, and we cannot see that it transgresses the rules of legitimate comment. Another serious objection to this specification is that no error of the court is assigned with reference thereto. In his charge to the jury the court called the attention of the jury to this statement, and the exception taken thereto, and specifically instructed the jury with reference to it. No further instructions were asked, nor was the court asked, even orally, to caution the jury or to reprimand the counsel. The court, of course, cannot anticipate that the counsel will make improper remarks, and if improper remarks are made, they should be promptly objected to and a ruling thereon sought. If the court overrules the objection, exception can be saved to the ruling and the matter presented for review. The rule is laid down in 1 Thompson on Trials, 745, that such an irregularity on the part of counsel "can only be saved for appellate review by an objection seasonably made, and exception properly taken if it is overruled, which exception is incorporated in the bill of exceptions." The same rule is set forth in 12 Cyc. 585; see also 5 Enc. L. & P. 377–38 l. In State v. Abrams, 11 Or. 169, 8 Pac. 327, the court, in effect, says that the error alleged must be the error of the court. We quote: "Some of these remarks . . . were undoubtedly improper, and can hardly be condemned with too much severity. But, however reprehensible, there is one insuperable obstacle to their being considered here as

ground for reversal. They involve no error of the court below." To the same effect is Bradshaw v. State, 17 Neb. 147, 152, 22 N. W. 361, 363, 5 Am. Crim. Rep. 499, where the court says: "Before a case can be reversed and a new trial ordered it must appear that the court before whom the accused was tried erred, and that such error was prejudicial to the party on trial. The practice in this state is now settled in this respect, and before this court can review questions of this kind the attention of the trial court must be challenged by a proper objection to the language, and a ruling had upon the objection."

In State v. Frelinghuysen, 43 Minn. 265, 45 N. W. 432, the counsel for the state was guilty of using language for which there was no warrant in the testimony. The court says in this case: "We realize that allowance must be made for intemperate and unfair allusion by zealous counsel, engrossed in the trial of an action, but the language here used exceeded the bounds of legitimate argument, should not have been indulged in, and may, as the counsel now insist, have been prejudicial to their client. But admitting all this, the record shows that the defendant's counsel did nothing more than to except to the remarks when they were made, while the only assignment of error in reference thereto is that the court erred in permitting the argument to proceed without reprimanding the attorney for using such language. The trial court was not called upon to make a ruling of any kind. It did not decline to completely and thoroughly cover the error by an instruction. The only complaint is that it did not, of its own volition, interrupt and reprimand the counsel while engaged in his argument. The court was not at any time requested to make a ruling whereby the impression which the defendant's counsel now claims may have obtained with the jurors, to her prejudice, by reason of the unwarranted comment upon her conduct, might have been corrected. This should have been done, either at the time the objectionable words were used, or when the court came to its charge to the jury. The exception to the remarks of the public prosecutor, although coupled with the alleged error of the court in failing to reprimand him at the time of the occurrence, is insufficient. It does not properly present the question which has been argued."

In People v. Shears, 133 Cal. 154, 65 Pac. 295, the attorney for the state was clearly guilty of using independent testimony in his argument, but the court refused to reverse on that ground, stating that,

although the remark was improper, the defendant did not invoke any action of the court thereon, but contented himself with excepting to the remarks of the counsel.

In Rains v. State, 137 Ind. 83, 36 N. E. 532, the court lays down the rule that the defendant, who urged misconduct on the part of the counsel for the state as a ground for reversal, must, to avail himself of such ground, ask relief from the trial court to properly admonish the jury or to reprimand the counsel, etc. See also Pearl v. State, 43 Tex. Crim. Rep. 189, 63 S. W. 1013, 1017; Earll v. People, 99 Ill. 123, 136.

In Ethridge v. State, 124 Ala. 106, 27 So. 320, the court reversed the judgment because the counsel for the state had transcended the bounds of legitimate argument, but in that case the objection to the remarks "was properly and seasonably brought to the court's attention, and its ruling invoked thereon by the request on the part of the defendant, made after the close of the argument, for an instruction calling attention to the argument, and  .  .  .  [that it] was not a matter upon which the solicitor could legitimately comment." We are of the opinion that the defendant cannot avail himself of the alleged misconduct of the attorney for the state. We adhere to the rule laid down in State v. Nyhus, supra, that the counsel must confine himself to legitimate comment on the testimony, and must not give independent testimony in his argument. It cannot be said here, however, that the counsel for the state did not have some basis in the testimony upon which he could found his statement, and in any event, it was the duty of the defendant to request the trial court to give proper instructions thereon, and failing so to do, he cannot now be heard to complain.

The judgment appealed from is affirmed.

Morgan, Ch. J., not participating; A. G. Burr, Judge of the Ninth Judicial District, sitting in his place by request.