# ALFRED WADMAN v. TROUT LAKE LUMBER COMPANY.[1]

June 18, 1915.

Nos. 19,139—(46).

**Maintenance of dam — liability of defendant.**

1. Action to recover damages caused by unlawful flowage of land. The evidence is sufficient to sustain a finding that the act of defendant in maintaining a dam caused the overflow of water upon plaintiff's land and that defendant is liable in damages therefor.

**Damages not excessive.**

2. The damages awarded are not excessive.

**New trial — objections to be made in trial court.**

3. Objections to remarks or conduct of counsel as improper, if urged as a ground for a new trial, must first be urged in the trial court. Such objection cannot be raised for the first time on appeal.

**Misconduct of counsel — procedure.**

4. If the misconduct is such that the effect of it may be removed by appropriate action at the time, the trial court should be asked to make a ruling or give some admonition or instruction, whereby the prejudicial impression which it is claimed the remarks may have left upon the jury may be corrected. This should be done either at the time the objectionable words are used or when the court comes to charge the jury.

**Discretion of court.**

5. An application for a new trial on this ground is largely addressed to the sound discretion of the trial court. There was in this case no abuse of discretion in refusing to grant a new trial on this ground.

Action in the district court for St. Louis county to recover $700 for flooding plaintiff's premises abutting upon Vermilion lake. The case was tried before Cant, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict for $300. Defendant's motion for judgment notwithstanding the verdict was denied, and its motion for a new trial was granted unless plaintiff con-

[1] Reported in 153 N. W. 269.

sented to a reduction of the verdict to $225. From the judgment entered pursuant to the reduced verdict, defendant appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*John Jenswold* and *C. R. Magney,* for respondent.

HALLAM, J.

This action is brought to recover damages caused by the unlawful flowage by defendant of plaintiff's land. The jury found for plaintiff and defendant appeals. Plaintiff's land is adjacent to Vermilion lake, in St. Louis county, and is partly surrounded by it. This lake covers 71 square miles. It has a drainage basin of about 500 square miles and is fed by a number of small streams. Its outlet is the Vermilion river. At the point of outlet a dam has been maintained somewhat intermittently for a number of years. This dam is about 175 feet long. In July, 1912, defendant having then control of this dam, repaired it with the result of raising the surface of the water of the lake. Plaintiff's land is an irregular tract of 116 acres. He has owned it since 1907. During that time he has put up some buildings, including a dancing pavilion and a boat-house, and has constructed a dock, and some cribbing about 68 feet long, made of logs and filled in with rock and gravel, connecting the shore with the dock. After the repair of the dam in 1912, plaintiff's property sustained some damage by reason of high water, the damage occurring for the most part during the season of 1913.

No question is raised that defendant is liable if the flooding of plaintiff's land was caused by the acts of defendant.

The first question is, was the raising of the dam by defendant a cause of this injury? Defendant claims it was not, but claims that the damage was caused by unusually heavy rains. On May 21, 1913, defendant undertook to blow out the dam, and it claims that this had no effect on the rise of the water in the lake, but that in spite of it the water continued to rise. The argument deduced is that the dam could not have caused the high stage of water in the lake or the flowage of land thereabout. Plaintiff concedes that there were heavy rains in 1912 and 1913, but contends that the dam was a producing

cause of the high water, and that it raised the water and increased the flowage of land to the measure of the increased height of the dam. In answer to the contention that the lowering of the dam had no effect in lowering the water, plaintiff contends that the dam was blown out only here and there for a small space in the aggregate and not to exceed a foot in depth, and that because of this fact the channel was enlarged to so trifling an extent that its effect was not appreciable in lowering the water of the lake for some time thereafter. There is evidence to sustain the contention of plaintiff that the acts of defendant in repairing and maintaining this dam increased the stage of water of the lake and caused damage which plaintiff would not otherwise have sustained, and the finding of the jury that the relation of cause and effect was established between the acts of defendant and the injury to plaintiff should not be disturbed.

2. It is claimed the damages are excessive. The jury assessed the damages at $300. The trial court ordered a new trial unless plaintiff would consent to a reduction to $225. To this plaintiff consented. The damage done was not large. About two acres of land was flooded and about half an acre of shore was washed away. The buildings and the dock and cribbing were somewhat damaged. We think the verdict is not so excessive as to warrant a new trial or to warrant further interference with the amount by this court.

3. Defendant urges that a new trial should be granted because of misconduct of counsel for plaintiff. Several instances of alleged misconduct are assigned in the brief of appellant. Only one was assigned in the trial court as a ground for a new trial. We can accordingly consider only that one here. Objection to remarks or conduct as improper, if urged as a ground for a new trial, must first be urged in the trial court. Such objection cannot be raised for the first time on appeal. Guthier v. Minneapolis & St. L. R. Co. 87 Minn. 355, 91 N. W. 1096; see also Pink v. Metropolitan Milk Co. 129 Minn. 353, 152 N. W. 725. The alleged misconduct challenged by the record is as follows: Plaintiff's counsel, while examining one of plaintiff's witnesses who owned land adjacent to Vermilion lake, asked him as to some negotiation of his own with the superintendent of the defendant in 1913. The witness testified, without objection,

that during the course of this negotiation the superintendent asked him how much his damage was. Plaintiff's counsel then asked the question: "Did he try to settle with you for your damages?" Objection to this question was sustained. Plaintiff's counsel then made this offer: "We offer to prove by this witness that he offered him a settlement for damages at that time provided he would keep it quiet." Counsel for defendant then said: "Objections are futile * * * in a case like this. Counsel knows he ought not to make an offer of that sort before the jury." After some argument and comment the court said: "The objection will be sustained."

4. We might dispose of this instance of alleged misconduct also by saying that objection to it was not presented or raised in the proper manner. No ruling or instruction was asked of the court on the trial and no exception taken to any act or ruling or omission of the court. The proper practice in such cases is well settled. If the misconduct is such that the effect of it may be removed by appropriate action at the time, the trial court should be asked to make a ruling or give some admonition or instruction, whereby the prejudicial impression which it is claimed the remarks may have left upon the minds of the jury may be corrected. This should be done either at the time the objectionable words are used or when the court comes to charge the jury. State v. Frelinghuysen, 43 Minn. 265, 45 N. W. 432. The objection is not one which the party aggrieved may treasure up for future use, proceeding in the meantime with the trial in an effort to obtain a favorable verdict, and, upon loss of a verdict, bring forward as a winning ground for a new trial. It is true that remarks or conduct of counsel may be of such a character that no action or instruction of the court can remove the impression left, but it could hardly be contended that the remarks in this case were of such character. Wells v. Moses, 87 Minn. 432, 92 N. W. 334.

5. The question is, however, easily disposed of on the merits. An application for a new trial on this ground is largely addressed to the sound discretion of the trial court. Johnson v. Chicago, B. & N. R. Co. 37 Minn. 519, 35 N. W. 438; Riley v. Chicago, M. & St. P. Ry. Co. 71 Minn. 425, 74 N. W. 171. The trial court in his dis-

cretion held this conduct of counsel not ground for setting aside the verdict. The objection to the offered testimony was quite apparent, but we cannot say that the offer was made in bad faith, nor is there apparently any appreciable prejudice to the defendant. We might dispose of it by repeating the language of Gilfillan, C. J., in Johnson v. Chicago, B. & N. R. Co. 37 Minn. 519, 35 N. W. 438: "We cannot say that the remarks of counsel prejudiced the appellant before the jury; and the court below, with much better opportunity than we have, has decided, in refusing the new trial, that they did not prejudice. The record would have to show a decided probability of prejudice to justify us in reversing that decision. The case, as presented, does not call on us to do so."

Judgment affirmed.