# IRA BURNS v. STATE.

No. A-6075. Opinion Filed Aug. 18, 1927.
(258 Pac. 926.)

E. V. Rakestraw, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. On information charging that in Kiowa county, April 3, 1925, he did unlawfully transport 9½ gallon fruit jars of whisky from a point on the section line south of his home to a point about 45 yards from his home, Ira Burns was tried, convicted, and his punishment fixed at a fine of $300 and confinement in the county jail for 30 days.

From the judgment rendered in pursuance of the verdict he appeals and assigns as error that the verdict and judgment are not supported by the evidence, and that the court erred in the admission of incompetent evidence.

For the state, Lee Watson, deputy sheriff, testified that appellant lived about 5 miles north and 2 east of

Mt. Park; that on the night of the day alleged with Kyle Hardy he went there about 10 o'clock; that he saw appellant at Mt. Park that night about 8 o'clock, traveling in a Ford car; that while he was waiting on the road near appellant's home a car came from the west, stopped about 50 yards from where he was standing; that it looked to him that two sacks were taken from the car; that the car then proceeded to the defendant's house where a dance was in progress; that witness went to the house and saw appellant getting out of the car; that he went back to the place on the road where he had seen the car stop, and picked up the sacks; in one sack was 4 half-gallon jars of whisky and 5 in the other; that it was a moonlight night.

Against the defendant's objections a transcript of the testimony of the witness Kyle Hardy on a former trial of the case was read to the jury. It is contended that no proper predicate therefor was laid for the introduction of this testimony. The proof showed that the witness Hardy was in the state of Alabama; that a subpoena had issued for him, and the return thereon was that said witness Hardy was not found in the county. The court reporter was then sworn and testified that she had acted as a stenographer in the former trial of the case and had taken the testimony of the witness Hardy.

Upon a careful consideration of the evidence we think the objection was properly overruled. There was no error committed in allowing the subpoena for this witness which had been issued and returned unserved to be received in evidence for the purpose of showing what had been done towards making service upon the absent witness.

Where a witness has testified for the state and said cause is tried again, and the state proves that such witness had left the state and a subpoena is issued for such

witness to testify on behalf of the state, and the sheriff's return thereon shows that the witness could not be found in the county, the testimony of the witness given on such previous trial may be admitted. Henry v. State, 10 Okla. Cr. 369, 136 P. 982; Fitzsimmons v. State, 14 Okla. Cr. 80, 166 P. 453.

For the defense three witnesses testified, in substance, that they were at the home of the defendant with about a hundred other people, coming in 40 or 50 cars that were parked near the house in the yard; that they were present when the defendant returned to his home about 10 o'clock that night; that the right rear wheel of his car was without a tire; that they had noticed the car coming, and that it had stopped about a quarter of a mile up the road; that they were present when the officers appeared.

As a witness in his own behalf the defendant testified that he had been visiting his father that day and arrived home between 10 and 11 o'clock; was driving a Ford touring car; that west of his house, about 200 yards, he did stop and took off a casing which had gone down on the right rear wheel and put it in the car and drove in on the rim; that that was the only time that he had stopped; that he had no whisky with him in the car that night and did not deposit any whisky in the ditch by the roadside; that he knew nothing of the whisky found by the officers; that the next morning the officers appeared at his home and arrested him and took his car.

In our opinion, there was sufficient evidence to sustain the conviction, and it was exclusively for the jury to say whether they would believe the evidence given on behalf of the state or that on behalf of the defendant.

Finding no error in the record, the judgment of the lower court is affirmed.

EDWARDS and DAVENPORT, JJ., concur.