# WILLIE RITCHIE et al. v. STATE.

No. A-6984.  Opinion Filed Feb. 15, 1930.
(287 Pac. 1110.)

A. J. Stevens and L. Z. Lasley, for plaintiffs in error.

Edwin Dabney, Atty. Gen.,  and  Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiffs in error, Willie Ritchie and Guy Rhodes, hereinafter called defendants, were jointly informed against, tried, and convicted in the district court of Woods county for the crime of larceny of live stock, and each sentenced to serve a term of two years in the state penitentiary.

The evidence of the state was that Noah McGinnis was the owner of a red calf about one week old which he kept in a lot on his farm not far from his residence; that on the 16th day of September, 1927, McGinnis and his wife met the defendants and Milo Brewer riding in a spring wagon, driving a brown horse and a gray mule and leading a couple of horses behind the wagon; that on the morning of September 17th, McGinnis and his wife were awakened by a noise on the public highway in the vicinity of their cow lot; they looked out the door and saw this spring wagon with the gray mule and the brown horse hitched to it with the two horses being led behind and heard a noise like somebody putting the calf into the wagon; that they followed the tracks of this wagon for about four miles, and overtaking defendants and Brewer asked them what they did with the calf. Defendants denied having the calf, and a search failed to disclose the calf. On the next morning McGinnis went back to the place where he had overtaken defendants and there found the calf across the fence on the Schupbach's place near where he overtook the defendants the night before. Later in the day defendants came back to Schupbach's place riding in the same spring wagon but driving a different team.

Milo Brewer, an accomplice, testified that he and the defendants took the calf from McGinnis' lot and hauled it away in the spring wagon; that when they saw McGinnis following them they put the calf over the fence at Schup-

bach's place; that they went back the next morning to see if the calf had been found; that defendant Ritchie offered him a horse, saddle, and $5 to leave the country so Ritchie and Rhodes could swear that it was Brewer that stole the calf. There is evidence in the record that defendants admitted they took the calf but claimed they did it in fun. Neither of the defendants took the witness stand, but each produced witnesses to testify that they had a good reputation for honesty and as law-abiding citizens prior to the commission of this offense.

Defendants contend the court erred in overruling the demurrer to the information for the reason that the description of the property was insufficient. to put the defendants on notice. The property was described as, "one red calf of the age of one week, of the personal property of one Noah McGinnis."

This court has repeatedly held that the description was sufficient where the class of animal as "two certain cows" was the only description in the information. Roebuck v. State, 14 Okla. Cr. 241, 170 Pac. 277; Adair v. State, 15 Okla. Cr. 619, 180 Pac. 253; Martin v. State, 35 Okla. Cr. 248, 250 Pac. 552; King v. State, 44 Okla. Cr. 311, 280 Pac. 855.

The defendants next contend that there was a fatal variance between the date of the crime as alleged in the complaint and the date as alleged in the information. The complaint alleges the crime to have been committed on the 17th day of August, 1927, while the information alleged that it was committed on the 17th day of September, 1927. Time is not the essence of the offense of larceny, and the date of the commission of the offense may be proven to be within three years prior to the date of the commencement of the prosecution.

158

The defendants next contend that the evidence is insufficient to sustain the verdict and judgment for the reason that the only evidence in the case which in any way connects the defendants with the commission of the crime is the testimony of Milo Brewer who was an accomplice, and that his testimony was not sufficiently corroborated. It is not necessary that the accomplice be corroborated on every point, but it is sufficient if he be corroborated by the facts and circumstances and other evidence tending to connect the defendants with the commission of the offense charged. There is sufficient evidence is the record corroborating the evidence of the witness Brewer to sustain the verdict of the jury.

Defendants next contend that the court erred in permitting the state to read the transcript of the evidence given by the witness Brewer in a former trial of the case for the reason that no proper showing was made that Brewer was out of the state and his evidence could not be procured for the trial. The state offered evidence to show that Brewer was out of the state at the time of the trial and had been out of the state for some days prior thereto; that he was sick and confined in a hospital at Wichita, Kan.; and that his attendance could not be procured at the time of the trial. Where it is shown by the evidence that at the time of the trial any witness is absent from the state, that is a sufficient predicate to authorize the reading of said witness' testimony given at a preliminary examination or former trial where defendant had been confronted by the witness and had been given opportunity for cross-examination. Edwards v. State, 9 Okla. Cr. 306, 131 Pac. 956, 44 L. R. A. (N. S.) 701; Baldock v. State, 16 Okla. Cr. 203, 182 Pac. 265; Burns v. State, 37 Okla. Cr. 435, 258 Pac. 926.

The defendants also contend that the evidence offered by the state to show absence of the witness from the state was hearsay, and therefore incompetent and insufficient to prove absence of the witness. The proof that a witness is a nonresident of, and is absent from, the state, offered as a predicate for introducing in evidence a transcript of the testimony of such witness, taken at a preliminary hearing, is not incompetent as hearsay, although based upon statements made to the witnesses by whom such proof of nonresidence and absence is made, since the fact of nonresidence or absence can generally be proven in no other manner. Henry v. State, 32 Okla. Cr. 67, 240 Pac. 128.

The defendants next contend that the court erred in giving instruction No. 3. In this instruction the court told the jury that if the testimony of the witness Milo Brewer was true, then he was an accomplice with the defendants and his evidence would have to be corroborated. Under the facts in the case it was the duty of the court to give this instruction.

Defendants also complain because the trial court failed to define the word "steal." In the case of Underwood v. State, 23 Okla. Cr. 119, 212 Pac. 1010, 1011, this court said:

"The word 'steal' has a uniform signification in common as well as legal parlance; it means the felonious taking and carrying away of the personal goods of another; it means to take without right, secretly, and without leave or consent of the owner."

This word has a well-defined meaning, and the instructions were sufficient without a definition of the word.

The proof on the part of the state being ample to support the verdict of the jury and no meritorious de-

fense being interposed, and there appearing no sufficient error in the record to require a reversal, the cause is affirmed.

DAVENPORT, J., concurs.

EDWARDS, P. J., absent, not participating.