[Cr. File No. 122.]

STATE OF NORTH DAKOTA, Respondent, v. PHIL GUGEL, Appellant.

(260 N. W. 581.)

Opinion filed May 3, 1935.

*Charles H. Shafer* and *Charles A. Lyche,* for appellant.

*P. O. Sathre,* Attorney General, and *W. M. Backstrom,* State's Attorney, for respondent.

MORRIS, J. The defendant appeals from a judgment and sentence following his conviction by a jury of the crime of grand larceny. He resides on a rented farm of 800 acres about six miles west of Blanchard, Traill county, North Dakota. Most of the testimony against the defendant was given by three witnesses, George Bird, Nick Raissure and Clarence Bailey. Bird and Raissure were working for the defendant at the time of the larceny herein involved. Bailey was an acquaintance of the defendant who had lived in the vicinity five or six years. At the time of the trial, Bird, Raissure and Bailey had pled guilty to the commission of the larceny herein involved, and were then serving sentences.

The testimony of the accomplices is substantially as follows. On the evening of August 30th, 1933, the defendant drove to the city of Hillsboro about eighteen miles distant from his farm. Bird and Raissure were at the farm when the defendant left. After reaching Hillsboro he transacted some business about town and later in the evening met Bird, Raissure and Bailey on the street. They went to the defendant's automobile and sat in it drinking alcohol. The facts thus far are undisputed. The three accomplices state that they saw a Tri-City Transportation Truck pass on the main highway. The four men then agreed

that Bailey and Raissure were to jump on the truck and throw off goods while Gugel and Bird were to follow and pick up Bailey and Raissure when they got off. Bailey and Raissure then climbed on the truck when it halted at a stop-street. They entered the truck and threw off various items of property as the truck approached the town of Reynolds. After the truck passed through Reynolds they got off and walked back along the highway where they hid part of the plunder in some brush along the road, and part of it in a culvert, then they went into the town of Reynolds in the morning and took a train back to Hillsboro where they met Bird. From Hillsboro they went out to the Gugel farm in Bailey's model T Ford car, where they informed Gugel as to what had been done. Bailey went home. That evening (August 31st) Bird, Raissure and the defendant left the farm in the defendant's truck, between seven and eight o'clock. They went first to Blanchard where they stopped at a restaurant. From there they went on to Hillsboro where they stopped at two garages and a cafe. They drank considerable alcohol and beer during the evening. From Hillsboro, Bird, Raissure and the defendant drove north on State Highway 81 to Cummings where they bought some gasoline, then went on towards Reynolds where part of the plunder had been concealed in the brush. They loaded up tires, tobacco, and automobile accessories, then they turned around and drove back where the other goods had been hid in the culvert. There they stopped the truck and got out. The cache had been discovered and two officers lay there in wait. The officers captured Raissure. Gugel and Bird made their escape into a corn field. The officers took Raissure and the truck into Reynolds where Raissure was turned over to the sheriff of Traill county. The sheriff also took possession of the truck and the stolen property.

Bird and Gugel walked into Buxton where they stole a model T Ford car and drove to Bird's home. Bailey was at the Bird farm. They got another car at the Bird farm. Bird then drove the stolen car about fifteen miles north and left it in a grove. Bailey and Gugel drove the other car and brought Bird back. All three then drove to Hillsboro where they had agreed they would report Gugel's truck to have been stolen. When they reached Hillsboro they met the sheriff and state's attorney to whom Gugel stated that his truck had been stolen.

The defendant admits drinking with Raissure, Bird and Bailey in

his car on the street in Hillsboro during the evening of August 30th. He denies planning or participating in the larceny or the attempt to recover the loot.

Before the case was called for trial, the defendant presented a motion for change of place of trial supported by 39 affidavits. The motion was resisted by the state's attorney. Such a motion is addressed to the discretion of the trial court and his order will be disturbed only in event that there was an abuse of such discretion. State v. Gordon, 32 N. D. 31, 155 N. W. 59, Ann. Cas. 1918A, 442.

The judge who heard the motion was one of the regular district judges of the first judicial district in which Traill county is located. The affidavits presented by the defendant are general in their nature. They do not recite a single instance of an unfriendly utterance against the defendant. In substance, they state the conclusion that the defendant cannot have a fair and impartial trial in Traill county. Statements of conclusions are not enough. Furthermore, the record made at the trial does not show that any jurors were challenged for actual bias. We are of the opinion that there was no abuse of discretion in denying the motion for change of place of trial.

The defendant argues that the court erred in permitting the state's attorney to endorse the names of a number of witnesses upon the information when the case was called for trial. The state's attorney who filed the original information was killed and his successor participated in the trial. It is the duty of the state's attorney to endorse upon the information the names of all witnesses for the prosecution known to him to be such at the time of filing the same. Because of his death, his statement cannot be obtained. He was a public officer. It will be presumed in the absence of proof to the contrary that he performed his duty and endorsed upon the information at the time of filing it, the names of all witnesses then known to him. State v. Matejousky, 22 S. D. 30, 115 N. W. 96. It is not error under the circumstances to permit the succeeding state's attorney to endorse upon the information the names of other witnesses.

The defendant complains of a statement made by the state's attorney to the effect that the defendant had been arrested on another charge and that he would be brought in on that charge. At the time the statement complained of was made, the selection of the jurors had not begun.

The record does not show that the statement was made in the presence of any of the jurors. There was no error on the part of the trial court in denying the defendant's challenge to the jury panel.

The defendant complains of a statement made by the state's attorney during argument to the jury. No record was made at the time of the trial of the statement complained of. No objection was then made to the statement. Appellant's objection was first presented upon the motion for new trial. In support thereof he attempted to show the statement of the state's attorney by affidavits. If the defendant deems a statement of the state's attorney in his argument to the jury objectionable, he must make his objection thereto at the time of the argument. Such objection come too late if presented the first time upon motion for new trial. State v. Knudson, 21 N. D. 562, 132 N. W. 149; State v. Geary, 184 Minn. 387, 239 N. W. 158; Benton v. State, 124 Neb. 485, 247 N. W. 21.

The defendant next raises a serious question as to the legality of the information upon which he was tried. After the first witness was sworn, the defendant objected to the introduction of testimony under the information and moved to quash it. The state's attorney then moved to amend the information. The court allowed the amended information to be filed over the objection of defendant's counsel, upon the theory that the amendment would be only to the form and not the substance of the information. The charging part of the original information reads as follows:

"That at said time and place the said Phil Gugel did wilfully, unlawfully and feloniously take, steal and carry away personal property then and there of the value of Two hundred Twenty-Five ($225.00) Dollars, consisting of automobile tires, automobile accessories, foodstuffs and tobacco, the said personal property hereinbefore described being then and there in the lawful custody of the Tri-City Motor Transportation Company and not the property of the said Phil Gugel, with the intent then and there to deprive the owner thereof and to steal said property and convert the same to his own use. This against the Peace and Dignity of the State of North Dakota, and contrary to the form of the Statutes in such cases made and provided."

The amended information reads,

"That at said time and place, the said Phil Gugel did wilfully, un-

lawfully and feloniously, with fraud and stealth, take, steal and carry away personal property, then and there of the value of Two Hundred and Twenty-five ($225) Dollars, consisting of one box of Dolly Varden extracts, one dozen; one box of yeast cakes; one bundle of three Firestone tires, 6.00 x 20; two boxes of meat; four cartons of toilet water; one box of auto parts, Chevrolet, shield for radiator; one case of Velvet tobacco; one case of Prince Albert tobacco; two cases of Hawaiian pineapple, six dozen in a case, gallon size cans; one case of pineapple juice; two cases of Duke's Mix smoking tobacco, 12 dozen in a case; one box of luggage carriers; one box of tinware; one bundle of two tires, 30x3½, Stanco Cords; and one carton of auto parts, the said personal property hereinbefore described being then and there the property of the Tri-City Motor Transportation Company, a corporation, of Fargo, North Dakota, engaged in the transportation business in North Dakota, and not the property of the said Phil Gugel, with the intent then and there to deprive the owner thereof, and to steal said property and convert the same to his own use. This against the Peace and Dignity of the state of North Dakota, and contrary to the form of the statutes in such cases made and provided."

Defendant's counsel moved orally to quash the amended information, which motion was denied. As soon as the state attempted to introduce testimony, defendant's counsel objected "to the testimony of this witness, or any other witnesses, or the introduction of any testimony, because there is no information on file against the defendant upon which he has had any preliminary hearing and upon which he has been arraigned; and we ask that this objection may stand as to all the testimony in the case, with reference to the new information." The court then said "it may be so understood." At the close of the state's case and at the close of the entire case, the defendant renewed his motions attacking the information. He also made a motion in arrest of judgment.

The amended information contains the words "with fraud and stealth" which were not contained in the original information. The statute defines larceny, "Larceny is the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof."

The word "steal" was contained in the original information. To

steal implies taking by stealth. To steal is to commit larceny. Ritchie v. State, 46 Okla. Crim. Rep. 155, 287 P. 1110; State v. Tough, 12 N. D. 425, 96 N. W. 1025. The insertion of the word "stealth" in the amended information was not a change of substance. It added no new element to the charge. There is nothing in the original information with regard to fraud. The inclusion of the word "fraud" in the amended information did add a new element to the charge, and changed the information as to substance.

The original information described the property in general terms as "consisting of automobile tires, automobile accessories, foodstuffs and tobacco." The amended information not only makes more specific the general description contained in the original, but adds property not included in the general terms of the original information, as for instance, 4 cartons of toilet water, and 1 box of tinware. The addition of property not described in the original information changed and amended it as to substance. An amendment to an information charging larceny which makes a description of property more specific is a matter of form, but an amendment which adds property not previously described in any manner is an amendment as to substance.

At the time the amendment was made the defendant had been arraigned and had pled not guilty. No new arraignment was made or plea entered after the amendment was filed. Section 10,633, Compiled Laws, provides,

"The information must conform to the requirements of the article of this code, entitled 'Rules of Pleading and Form of the Information or Indictment,' and may be amended in matter of form, without a new verification, or of substance with a new verification at any time before the defendant pleads, without leave of the court. The information may be amended at any time thereafter or during the trial as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the rights of the defendant. No amendment must cause any delay of the trial unless for good cause shown by affidavit."

The state contends that since the appellant's motions and objections were not made in writing, they were waived. This is true as to a motion to quash or set aside the information. State v. Fradet, 58 N. D. 282, 225 N. W. 789. In addition to making his motion to quash

596

the information the defendant also objected to the amendment and to the filing of the amended information. He also objected to the introduction of any testimony under the amended information. His objections were properly and seasonably made. The court erred in permitting the information to be amended over defendant's objection as to substance after the arraignment was had and plea entered.

The defendant questions the sufficiency of the evidence and raises the question as to whether or not there is sufficient evidence in the record to corroborate the testimony of the three accomplices. We have examined the record and it appears that there was sufficient corroborative evidence presented to the jury to meet the requirements of § 10,841, Compiled Laws, 1913, and to support the verdict.

The remaining assignments of error are either without merit or present questions not likely to arise upon another trial.

It is ordered that the judgment appealed from be reversed and the case be remanded for a new trial.

BURKE, Ch. J., and CHRISTIANSON, BURR and NUESSLE, JJ., concur.